(No. 42049.—)

THE PEOPLE *ex rel.* William J. Scott, Attorney General, Petitioner, *vs.* SIDNEY JONES, Associate Judge, Respondent.

*Opinion filed January 28, 1970.*

WILLIAM J. SCOTT, Attorney General, of Springfield, (JAMES R. THOMPSON, JOEL M. FLAUM and JAMES B. ZAGEL, Assistants Attorney General, of counsel,) for petitioner.

EARL E. STRAYHORN, R. EUGENE PINCHAM and HARRY J. BUSCH, all of Chicago, for respondent.

ALBERT J. ARMONDA and KENNETH L. GILLIS, both of Chicago, for intervenor, Joseph Theo.

Mr. JUSTICE WARD delivered the opinion of the court:

This is a petition for an original writ of *mandamus* filed on relation of William J. Scott, Attorney General of Illinois, praying for a writ which would order the Honorable Sidney Jones, an associate judge of the circuit court of Cook County, to expunge an order which according to its terms suspended a warden's warrant issued for the arrest of Joseph Theo, a defendant in a criminal case pending before the respondent. The order also directed that the warrant not be served on Theo until further order of the court.

Theo was convicted in the circuit court of Cook County of the crime of theft on May 27, 1963, and was sentenced to a term of four to eight years in the Illinois Penitentiary. On October 25, 1967, he was released on parole and his

absolute discharge was scheduled for August 27, 1968. Theo was arrested on January 27, 1968 on a charge of armed robbery and confined in the Cook County Jail. While he was there Frank J. Pate, the warden of the Illinois State Penitentiary at Joliet, on January 29, 1968, issued a warden's warrant for his arrest as a parole violator under the provisions of section 204(g) of the Sentence and Parole Act. (Ill. Rev. Stat. 1967, ch. 108, par. 204(g).) The warrant was not served on Theo but was lodged as a detainer at the jail.

Theo was indicted on February 29, 1968, for armed robbery and was released on bond on April 1, 1968, on the robbery charge. The record does not explain what appears to be the overlooking of the warden's warrant at the time of his release. After Theo failed to appear on several court dates the People, on January 17, 1969, moved to forfeit his bond and an order of forfeiture was entered. His attorney appeared before the respondent judge on January 29, 1969, and moved to vacate the forfeiture and to quash the warden's warrant, which had not been served on Theo. He also filed a petition for a writ of *habeas corpus*. At this appearance the attorney represented to the respondent that two agents of the Department of Public Safety were waiting in the corridor to arrest Theo should he appear to enter the courtroom. When the assistant State's Attorney confirmed that agents were in the corridor for that purpose, the judge directed that they be brought into the courtroom. After verifying the intention of the agents, the court entered an order which declared it suspended the warden's warrant and restrained the agents from executing the warrant until further order of court. A short time later Theo, at the direction of his attorney, appeared before the court and his matter was continued.

On February 18, 1969, the Attorney General filed a petition to vacate this order and, on March 10, 1969, the Attorney General unsuccessfully argued that it had been im-

proper for the respondent judge to have interfered with the execution of the warden's warrant. His motion was denied.

The Attorney General argues that the respondent was without authority to quash the warrant. The respondent's position is that the warrant was, in effect, suspended by him but not quashed.

We conclude from an examination of the confusing record that the effect of the respondent's action was to suspend the execution of the warrant through his direction that it not be served on Theo until he would otherwise order. The respondent's order stated the warrant was being suspended, not quashed, though Theo's attorney had moved to quash the warrant. The assistant State's Attorney at the hearing on January 29th regarded the motion, not as one to quash the warrant, but to enjoin its execution. The Attorney General's motion was to vacate the order suspending the execution of the warrant, though the Attorney General apparently expressed his doubt of the validity of the order by placing quotation marks about the word "suspended." Much of the argument and colloquy at the hearing on the motion to vacate can be regarded as referring to a warrant that had been quashed, not suspended. However, we consider that the original order, which suspended the warrant's execution, must, considering all circumstances, here govern our interpretation, rather than the form of some of the discussion at the hearing to vacate the order.

The parties appear to agree that the court's action was based on its inherent powers and they properly agree that the court did not act in response to the *habeas corpus* petition. The warrant had not been executed and Theo was not being held under it. (See Ill. Rev. Stat. 1967, ch. 65, par. 1 *et seq.*) The trial court considered the filing of the petition for *habeas corpus* to have been premature.

We consider it was within the powers of the respondent to suspend, in effect, the warden's warrant by restraining the

agents of the Department of Public Safety from interfering in the proceedings before him under the armed robbery indictment and depriving him of jurisdiction over Theo.

While Theo remained in constructive custody of the officers of the Department of Public Safety during his parole (*People ex rel. Jefferson* v. *Brantley, ante* at p. 31; *People ex rel. Richardson* v. *Ragen,* 400 Ill. 191; *People ex rel. Castle* v. *Spivey,* 10 Ill.2d 586), he was not immune from arrest and prosecution for another crime committed during that parole. (See *United States ex rel. Brewer* v. *Maroney* (3rd cir. 1963), 315 F.2d 687; *In re Patterson,* 64 Cal.2d, 357, (1966), 411 P.2d 897; *People ex rel. Mello* v. *McDonnell,* 120 N.Y.S.2d 97.) Theo was but in the constructive custody of the Department of Public Safety and he came into the physical custody and control of the authorities of Cook County when arrested for armed robbery. By assuming physical custody and control of Theo the Cook County authorities assumed jurisdiction over him and thereafter were entitled to a prior right of jurisdiction over him. (See *United States ex rel. Brewer* v. *Maroney* (3rd cir. 1963), 315 F.2d 687; *United States ex rel. Spellman* v. *Murphy,* (7th cir. 1954), 217 F.2d 247; *In re Patterson,* 1964 Cal.2d, 357, 411 P.2d 897; *People ex rel. Mello* v. *McDonnell,* 120 N.Y.S.2d 97, aff'd 121 N.Y.S.2d 8.) We do not, however, mean to suggest, absent circumstances which could command otherwise, as here, that the State authorities would have been prevented from taking physical custody of Theo while he was on bond. They would have had the authority to take physical custody of him but would have been required to have surrendered him for the completion of prosecution by the Cook County authorities should they have requested the State to do so. (*Cf. United States ex rel. Paosela* v. *Fenno,* (2d cir. 1948), 167 F.2d 593, 595.) Here as has been described, the agents of the Department of Public Safety did not attempt to take physical custody of Theo when he made bail on the armed robbery charge but, some

ten months later they planned to arrest him when he was to appear in the respondent's court under his indictment for armed robbery.

In general, it can be said that a court has the power, if not the duty, to protect its prior rights to jurisdiction over a controversy in order to decree complete and final justice between the parties and that for that purpose it may issue an injunction restraining persons from proceeding in other courts. (*James* v. *Grand Trunk Western R.R. Co.*, 14 Ill.2d 356, 368; 43 C.J.S. Injunctions, sections 48, 49; 4 Pomeroy Equity Jurisprudence sec. 1360 *et seq.;* 14 I.L.P. Courts, sec. 253.) It would be absurd to judge that a court in a criminal matter before it would have less authority than in a civil matter before it and could not protect its prior right of jurisdiction over a defendant. (*Cf.* 22 C.J.S. Criminal Law, sec. 111b; *United States ex rel. Brewer* v. *Maroney* (3rd cir. 1963), 315 F.2d 687; *In re Patterson* (S.C. Cal.), 411 P.2d 897; *People* v. *Speece,* 367 Ill. 76.) And if a restraint may be applied regarding a proceeding in another court it can hardly be realistically argued that it cannot be done regarding an administrative proceeding. We consider that the circuit court of Cook County, having acquired jurisdiction over Theo as a defendant in the indictment before it, had the right to retain and protect that jurisdiction from interference by the parole agents. Therefore, we judge that the respondent under the circumstances could properly restrain the agents of the Department of Public Safety from interfering with the jurisdiction and proceeding of his court until the cause had been concluded. *Cf. James* v. *Grand Trunk Western R.R. Co.*, 14 Ill.2d 356.

Accordingly, the petition for a writ of *mandamus* is denied.

*Writ denied.*