THE PEOPLE *ex rel.* JAMES H. CLARK, COUNTY COLLECTOR OF DU PAGE COUNTY, Petitioner-Appellee, *v.* RALPH B. THOMPSON *et al.,* Objectors-Appellants.

(No. 72-73; )

Second District—June 26, 1973.

Margaret E. Thompson, *pro se.*

William V. Hopf, State's Attorney, of Wheaton, (James F. Campion, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal by taxpayers-objectors, Ralph Thompson and Margaret Thompson, is from an order entered by the Circuit Court of Du Page County on November 22, 1971, at which time the county collector was before the court in the matter of the application for judgment for delinquent taxes for the year 1970.

Taxpayers had paid their real estate taxes under protest for the year 1970 and on November 22, 1971, appeared to file written objections to these taxes. At that time there was also pending court litigation between the taxpayers and the collector on their 1967, 1968 and 1969 taxes, and taxpayers requested an incorporation of those years into the 1970 case which was then before the court. In addition, taxpayers sought a stay or continuance of the application of the county collector for judgment against delinquent lands. On the same day (November 22, 1971), the court entered an order denying taxpayers' motion to stay or to continue the application of the county collector. The order also allowed taxpayers to file instanter their objections concerning real estate taxes for the year 1970 and provided for a pretrial conference to be held between the State's Attorney's office and taxpayers within 90 days. On December 20, 1971, taxpayers filed a notice of appeal from the above order.

On March 20, 1972, taxpayers petitioned this court for a writ of mandamus at which time they argued that although the prior years' tax cases were dismissed by the Illinois Supreme Court and certiorari denied by the United States Supreme Court, this court should include the prior years' tax cases in the case at bar. Following a denial of the writ of

mandamus, the taxpayers appealed that decision to the United States Supreme Court and the action is still pending.

■■ We find the order of November 22, 1971, from which the taxpayers appeal, was not a final and appealable order. Review by the appellate court is limited to final judgments and certain interlocutory orders as specified by the Supreme Court Rules. (See, Ill. Rev. Stat. 1971, ch. 110A, secs. 301-308.) Before a judgment or order is considered final, it must dispose of or terminate the litigation or some definite part of it on the merits of the cause. (*Village of Niles v. Szczesny*, 13 Ill.2d 45, 147 N.E.2d 371, and *LaVida, Inc. v. Robbins*, 33 Ill.App.2d 243, 178 N.E.2d 412.) If the court retains jurisdiction for future determination of matters of substantial controversy, the order is not final. *Bernard Bros. v. Deibler*, 344 Ill.App. 222, 100 N.E.2d 512, and *Impey v. City of Wheaton*, 60 Ill.App.2d 99, 208 N.E.2d 419.

■■ The order in the present case cannot be considered final and appealable since it did not terminate the litigation on the merits. Instead the order merely denied a stay or continuance of the application, allowed taxpayers to file objections and provided for a pretrial conference. Only when the controversy is concluded with a judgment on the merits will this cause be reviewable by the appellate court.

■■ The trial court also entered an order on February 17, 1972, relating to certain aspects of the record and resulting in taxpayers' second notice of appeal. Since the issues raised are dependent upon the original order, further discussion of such issues is not required.

For the reasons stated, this appeal is dismissed.

Appeal dismissed.

ALLOY, P. J., and DIXON, J., concur.