(No. 45536.

RENFIELD IMPORTERS, LTD., Appellee, v. MODERN LIQUORS, INC., *et al.*, Appellants.

*Opinion filed November 30, 1973.*

SCHULTZ & SCHULTZ, of Chicago (ALLEN H. SCHULTZ and JAY L. SCHULTZ, of counsel), for appellants.

NEAL D. ROSENFELD, of BIRO, KARMEL & ROSENFELD, of Chicago, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The Appellate Court for the First District granted the motion of the plaintiff, Renfield Importers, Ltd., to dismiss the appeal of the defendants, Modern Liquors, Inc., *et al.,* for failure to comply with the rules governing appellate procedure. We granted leave to appeal.

The order appealed from was entered in an action grounded upon alleged violations of the Illinois Fair Trade Act (Ill. Rev. Stat. 1971, ch. 121½, par. 188 *et seq.*). The order was entered on March 23, 1972. It found that an agreement had been made in open court by counsel for all defendants with counsel for plaintiff; that the agreement had been incorporated in an order of court entered November 12, 1971; that all defendants received a copy of the order of November 12, 1971, and had knowledge of its contents, and that each of the defendants had expressed and shown defiance of said order and is guilty of contempt of the court.

On March 24, 1972, the defendants filed a notice of

appeal from the contempt order entered on March 23, 1972. The trial court certified the report of proceedings on September 5, 1972. No extension of time was requested by the defendants in either the trial or appellate courts for the filing of the report of proceedings or the record on appeal. The defendants, without leave of court, filed the record on appeal in the appellate court on September 13, 1972. This was approximately four months subsequent to the time allowed by the rule. The defendants filed their brief on October 18, 1972. The plaintiff filed a motion to dismiss the appeal on October 24, 1972, wherein it asked the court to dismiss the appeal because the defendants failed to timely file their report of proceedings and record on appeal in this cause. The appellate court granted the motion and we allowed petition for leave to appeal.

Supreme Court Rule 326 (Ill. Rev. Stat. 1971, ch. 110A, par. 326) provides that "The record on appeal *** shall be filed in the reviewing court within 63 days after the filing of the notice of appeal," and provides that the reviewing court may grant extensions of time for filing the record. Thus, the record should have been filed in the appellate court on or before May 26, 1973.

Rule 323(b) allows 49 days for the filing of a report of proceedings, and Rule 323(e) allows the trial court to extend this time an additional 42 days. The rule provides for further extensions of time by the reviewing court or a judge thereof upon motion made prior to the expiration of the original or extended time. No limit is placed on the number of times a litigant can seek and be granted further extensions of time by the reviewing court. Finally, after the expiration of the original and any extended periods, a litigant is allowed an additional 35 days in which to seek further extensions of time. Again, no limit is placed by this "safety valve" clause on the number of extensions of time available to a litigant upon "showing of reasonable excuse." Had the defendants availed themselves of the flexibility provided by the Illinois Supreme Court rules,

the appellate court would not have dismissed the appeal.

The defendants argue that in another case the appellate court heard a motion identical to the motion to dismiss that was filed in this case, and denied the motion. We do not have the facts of that case before us. As to this case, we are of the opinion that Rules 323 and 326 provide litigants with adequate procedures for the filing of the appropriate documents in the appellate court, and for obtaining extensions of time when necessary. The appellants here appear to ask this court to ignore the procedures set forth in Rules 323 and 326 merely because they did so.

The record does not show an abuse of discretion by the appellate court, and its judgment is affirmed.

*Judgment affirmed.*