EARL BLOCK, Plaintiff-Appellant, *v.* VERNA BLOCK, Defendant-Appellee.

(No. 74-19;

Second District—November 8, 1974.

278

Earl W. Block, *pro se.*

No appearance for appellee.

Mr. JUSTICE SPANTON delivered the opinion of the court:

 Appellant Earl Block prosecutes this appeal, *pro se,* from an order requiring him to furnish copies of certain records within 30 days and to show cause why he should not be held in contempt for failing to comply with a decree of divorce entered in January of 1971. The record does not disclose date of entry of the decree but the report of proceedings indicates hearing on January 6, 1971. A post-decree petition recites the entry of the decree on January 29, 1971. Jurisdiction of the appellate court is limited to appeals from final judgments except in those cases where appeals from interlocutory orders are permitted by Supreme Court rules (Supreme Court Rule 308, Ill. Rev. Stat. 1971, ch. 110A, par. 308). (*Felton v. Shead* (1972), 6 Ill.App.3d 123.) The order appealed from is not a final judgment which is entitled to review on appeal. Only where the decision appealed from disposes of the entire controversy on the merits, so that, if affirmed, the trial court need only proceed with execution of judgment, does an appeal lie. (*Roddy v. Armitage-Hamlin Corporation* (1948), 401 Ill. 605, 83 N.E.2d 308.) The order in question obviously does not meet that test. Neither does it qualify for those special circumstances permitting appeals from interlocutory orders.

Defendant's brief and argument consist principally of noxious and scandalous assertions of misconduct by the trial court, opposing counsel and his own lawyer, in support of unknown and non-existent legal theory, evolved by the use of words such as "estoppel" and phrases such as "vested right of law," along with novel conclusions such as "Block is not in contempt because * * * [opposing counsel] is stupid and a crook." While this appeal need only be considered in connection with our comments in paragraph 2 of this opinion, the nature of the brief and argument of appellant compels us to state that the record does not support the charges made therein.

Appeal dismissed.

EBERSPACHER and CREBS, JJ., concur.