BARBARA FACTOR, Plaintiff-Appellee, *v.* HYMEN FACTOR, Defendant-Appellant.

(Nos. 60810, 60909 cons.;

First District (1st Division)—April 7, 1975.

Martin Tiersky, of Chicago, for appellant.

Feiwell, Galper, & Lasky, of Chicago (George S. Feiwell, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

This litigation brings before us two consolidated appeals. After a general statement the issues in each will be separately considered.

Barbara Factor (plaintiff) and Hymen Factor (defendant) were husband and wife until the entry of a judgment for divorce on February 7, 1973. This judgment, rather than terminating the differences between the parties, marked the start of bitter and rather complicated litigation. The parties were owners of a piece of real estate in which they made their matrimonial home. The record before us does not show if they owned this property as joint tenants or whether they were both beneficiaries of a land trust which held legal title.

On July 24, 1974, the trial court entered an order which provided that the real estate, describing it by street address, "be sold as soon as possible and that Mr. Ellis Rosenzweig is appointed commissioner to sell said property." Defendant filed notice of interlocutory appeal (docketed here as No. 60810).

On August 22, 1974, the trial court entered an order directing the commissioner to accept an offer to sell the real estate at private sale to a designated buyer for a price of $55,000. The order directed the parties to execute all documents necessary and appropriate to consummate the sale. On September 23, 1974, defendant filed a notice of appeal from this order. The notice is headed "Notice of Interlocutory Appeal." Plaintiff has made a motion in this court to dismiss this second appeal, the one taken from the order entered August 22, 1974. This motion to dismiss was taken with the case.

We have decided that the motion of plaintiff to dismiss the appeal from the order entered August 22, 1974 will be denied. We see no legal infirmity to our jurisdiction because the notice of appeal is improperly, perhaps inadvertently, described as interlocutory. (*Department of Transportation v. Galley,* 12 Ill.App.3d 1072, 1075, 299 N.E.2d 810, *leave to appeal denied,* 54 Ill.2d 592.) The order of August 22, 1974, is in our opinion, a final order which is properly the subject of an appeal to this court. It orders the property sold as a sale from which, presumably, no redemption will be permitted.

However, it is necessary that we consider the matter of our jurisdic-

tion in the interlocutory appeal from the order entered July 24, 1974. It is our duty first to determine that the appeal has been properly taken so as to invoke our jurisdiction. (*In re Organization of Fox Valley Community Airport Authority*, 23 Ill.App.3d 168, 318 N.E.2d 496.) In our opinion, the order of July 24, 1974, directing that property be sold "as soon as possible," cannot be classified as a final order which is entitled to review on appeal. "Only where the decision appealed from disposes of the entire controversy on the merits, so that, if affirmed, the trial court need only proceed with execution of judgment, does an appeal lie. (*Roddy v. Armitage-Hamlin Corporation* (1948), 401 Ill. 605, 83 N.E.2d 308.)" (*Block v. Block*, 23 Ill.App.3d 277, 278, 319 N.E.2d 116.) This order, therefore, may only be interpreted as a direction to the commissioner. It cannot qualify as a final order.

■■ In our opinion, the only possibility of interlocutory appeal from the order of July 24, 1974, would be with reference to that portion of the order which appoints the commissioner for the purpose of selling the property. The notice of appeal states that the appeal is taken from that portion of the order under Supreme Court Rule 307(a)(2) (50 Ill.2d R. 307(a)(2)). This rule provides for an interlocutory appeal as a matter of right from an order, "(2) appointing or refusing to appoint a receiver or sequestrator;" (50 Ill.2d R. 307(a)(2).) In our opinion, the commissioner appointed by the circuit court for the purpose of selling the property is neither a receiver nor a sequestrator, so that we have no jurisdiction over this attempted interlocutory appeal.

In modern times the writ of sequestration was used by the chancery courts in proceeding against property of a contumacious defendant and it is a proceeding in rem. (*Manning v. Merchantile Securities Co.*, 242 Ill. 584, 90 N.E. 238.) Generally the power of sequestration has been exercised for nonpayment of alimony where the defendant has been cited for contempt. (*Wightman v. Wightman*, 45 Ill. 167.) Accordingly we find that we have no jurisdiction over the interlocutory appeal from the order of July 24, 1974 and that attempted appeal is dismissed. (Docket No. 60810.)

As regards the appeal from the order of August 22, 1974, the parties have filed supplemental briefs. Defendant urges that the trial court had no jurisdiction to enter an order granting the commissioner new authority after the notice of appeal had been filed from the previous order entered July 24, 1974, and that the circuit court had no authority to direct a private sale of the property by the commissioner. On the contrary, plaintiff urges that the order of August 22, 1974, was proper as an implementation of the preceding order entered July 24, 1974, and that the sale of the marital domicile was proper in accordance with statutory authority.

Since the attempted appeal from the order of July 24, 1974, has been dismissed, no further comment is necessary to dispose of defendant's first contention.

██ As regards the second contention, article VI, section 14, of the Illinois Constitution of 1970 provides for payment of judicial salaries and expenses and also that "[t]here shall be no fee officers in the judicial system." It seems plain that this provision of the constitution was aimed primarily at abolition of the office of master in chancery. (See Ill. Ann. Stat., Const., art. VI, § 14, commentary at page 518 (Smith-Hurd 1971).) We interpret this provision as operating also to prohibit the appointment of a commissioner for the purpose of selling the real estate, as was attempted by the circuit court in the case at bar. The commissioner would be a fee officer within the judicial system.

This constitutional provision should be considered and construed in conjunction with the pertinent statute which, in its present form, was adopted to implement the newly revised judicial article to the constitution of 1870, which in turn was adopted in November of 1962. (See Ill. Ann. Stat. ch. 22, par. 48, historical note at 155 (Smith-Hurd 1968).) This statute provides (Ill. Rev. Stat. 1973, ch. 22, par 48):

> "In all cases where a sale of property is decreed, the court may direct the same to be made for cash, or on such credit where no redemption is allowed, and on such terms, as it may deem best and most equitable to the interests of the several parties. The court may direct that any such sale be held by the sheriff or that the same be held in open court."

██ In our opinion, this statute forbids judicial sales of property except where held by the sheriff or in open court. The meaning of this language is clear and plain and requires no construction.

Plaintiff contends that the court has broad discretion in approving judicial sales. This general principle is stated in *Maywood-Proviso State Bank v. Cokinis*, 11 Ill.App.3d 659, 662, 297 N.E.2d 325, *leave to appeal denied*, 54 Ill.2d 592, cited by plaintiff. However, this statement applies to the broad discretion held by courts in connection with the approval of judicial sales. Under no circumstances can the application of this principle justify a violation of clear constitutional and statutory provisions. It follows that the order of August 22, 1974, was improvidently entered. It is reversed and cause remanded for further proceedings not inconsistent with this opinion.

Case No. 60810, Appealed dismissed.

Case No. 60909, Order appealed from is reversed and the cause remanded.

BURKE, P. J., and SIMON, J., concur.