ROTOGRAVURE SERVICE, INC., Plaintiff-Appellee, *v.* R. W. BORROWDALE COMPANY *et al.*, Defendants-Appellants.—(R. W. BORROWDALE COMPANY, Plaintiff-Appellant, *v.* INROL, INC., *et al.*, Defendants-Appellees.)

First District (2nd Division) No. 61005

Opinion filed September 23, 1975.—Rehearing denied January 22, 1976.

Guy and Rooney, of Chicago, for appellants.

James N. Kosmond and David B. Yavitz, both of Chicago (Boodell, Sears, Sugrue, Giambalvo & Crowley, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

R. W. Borrowdale Company (hereinafter Borrowdale) appeals an order of the circuit court vacating a portion of a judgment on an oral contract. The vacated judgment denied damages to Rotogravure Service, Inc. (hereinafter Rotogravure), after granting it specific performance of the alleged oral contract. The order appealed from (1) held the

specific performance originally granted was no longer economically practical, (2) vacated the original denial of damages, and (3) ordered a hearing be held to determine the amount of damages to be awarded to Rotogravure. Borrowdale appeals the vacating of the judgment denying damages, and Rotogravure moves to dismiss that appeal because the order from which Borrowdale appeals is not final.

The issues raised by the appeal and motion to dismiss are: (1) whether the order appealed from is a final and appealable order; and (2) whether the trial judge had jurisdiction to vacate the judgment denying damages when there was no section 72 motion before the court and more than 30 days had lapsed since the judgment was entered.[1]

This case stems from two actions resulting from an oral agreement whereby Borrowdale allegedly agreed to arrange for and finance Rotogravure's purchase of an Acigraf printing system to be imported from Milan, Italy. The Acigraf system was delivered to Rotogravure, but difficulties arose in the performance of the agreement, and on November 13, 1967, Borrowdale filed a replevin suit against Rotogravure in the law division of the circuit court of Cook County.

On December 1, 1967, Rotogravure initiated a suit in the chancery division of the circuit court of Cook County alleging Borrowdale's breach of an oral agreement between the parties concerning the Acigraf system. In Count I of this complaint Rotogravure prayed for specific performance of the agreement, and in Count II Rotogravure prayed for damages resulting from the alleged breach.[2] Counts III and IV of this complaint are not involved in this appeal.

On December 4, 1967, the replevin action and the chancery suit were consolidated for trial. On that same date, the sheriff served a writ of replevin on Rotogravure and removed the Acigraf system from Rotogravure's place of business and delivered it to Borrowdale.

After hearing evidence and arguments presented by counsel, the court entered its judgment on December 5, 1972. The judgment order of the consolidated cases made separate findings of fact for the chancery and replevin suits and divided its ruling accordingly. Part A of the order dealt with the chancery suit and entered judgment for Rotogravure as to specific performance, but ruled for Borrowdale as to damages and Counts III and IV, holding Rotogravure had "not sustained the allegations contained in Counts II, III and IV of its complaint." Part B of the

---

[1] Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) provides the procedure for relief after 30 days from judgments and decrees.

[2] The damages prayed for were alleged lost profits, expenses for leasehold improvements, promotion expenses, machinery and equipment plus the expense of contracting out the installation work.

order dealt with the replevin suit and ruled for Rotogravure, ordering Borrowdale to return the equipment to Rotogravure's place of business.

Paragraph 7 of Part B (replevin suit) stated the court "reserves and retains jurisdiction of this cause and all of the parties hereto for the purpose of entering such other and further orders not inconsistent with the provisions of this Judgment and Decree, and as may be necessary to implement or effectuate the provisions hereof." Paragraph 8 of this section ruled there was no just reason for delaying the enforcement or appeal of this judgment. Part A (chancery suit) had no similar language, but paragraphs 7 and 8 of Part B were the concluding words of the entire order of December 5, 1972.

Borrowdale filed a notice of appeal from the December 5, 1972 judgment, but this appeal was dismissed by the appellate court.[3] Rotogravure did not appeal from the trial court's decision, nor did it ever file any motion to vacate the portion of the order denying its prayer for damages.

On March 22, 1973, Rotogravure filed a motion in the trial court for a rule to show cause against Borrowdale for its failure to comply with the judgment and decree by refusing to return and repair the Acigraf printing equipment. While Rotogravure's petition for rule to show cause was still pending, Rotogravure filed a new action at law in the circuit court to recover for damages resulting from Borrowdale's wrongful replevin. That action was still pending at the time of oral argument before this court, as is a motion to consolidate it with the damage hearing ordered by the trial court on August 29, 1974.

Borrowdale answered the rule to show cause alleging it was not receiving the needed cooperation of Rotogravure to comply with the decree; that the decree was too vague and uncertain; and that Borrowdale was awaiting advice from Acigraf as to the possibility of repairing and making the equipment operable. An engineer from Acigraf visited Borrowdale's premises and inspected the equipment. He reported that the cost of making the Acigraf system operable would be prohibitively expensive.

At the conclusion of the hearings on the petition for rule to show cause, the trial court entered an order allowing Rotogravure to withdraw its amended petition for rule to show cause, and ruled Rotogravure was still entitled to specific performance, but since specific performance was economically impractical, the December 5, 1972, judgment denying damages was vacated and a hearing was set to determine what damages should be paid to Rotogravure as a result of Borrowdale's breach of the alleged oral agreement.

---

[3] This court dismissed the first appeal upon the failure of Borrowdale to prosecute the appeal.

This order entered August 29, 1974, vacating the damage portion of the December 5, 1972, judgment was divided into two parts similar to the December 5, 1972, judgment. Part A vacated the portion of the December 5, 1972, chancery judgment denying damages and set a date for a new hearing to determine what those damages should be; and Part B stayed the replevin action and the issuance of the writ of *retorno habendo* pending further order of the court. The order specifically stated the court retained jurisdiction of the matter and that the order was "not to be considered final or appealable."

Yet, Borrowdale filed its notice of appeal from the vacation of the damage judgment. Rotogravure made a motion in the trial court to dismiss this appeal. The trial court denied Rotogravure's motion without prejudice to raise it again in the appellate court. The trial court further stated in its denial of the motion that the order was interlocutory and not certified for appeal by the trial court.

Rotogravure renewed its motion to dismiss the appeal in this court which was taken with the appeal. Both the appeal and the motion to dismiss are now considered.

## I.

■■ The first issue before the court is whether the order appealed from is an appealable order. Supreme Court Rule 301 (Ill. Rev. Stat. 1973, ch. 110A, par. 301) provides:

> "Every final judgment of a circuit court in a civil case is appealable as of right."

Thus, if final, the order of August 29, 1974, is appealable.

However, to be final a judgment must dispose of or terminate the litigation or some definite part of it. If jurisdiction is retained for the future determination of matters of substantial controversy, the order is not final. (*People ex rel. Clark v. Thompson* (2nd Dist. 1973), 12 Ill. App.3d 378, 380, 298 N.E.2d 765.) *Impey v. City of Wheaton* (2nd Dist. 1965), 60 Ill.App.2d 99, 105, 208 N.E.2d 419, an appeal from an order which included a provision that an injunction would issue upon a future adjudication of facts, held the order was not a final appealable order. In dismissing the appeal this court said:

> "An appeal is premature until an adjudication is made on those findings. A final and appealable order is one which terminates the litigation between the parties on the merits, so that if it is affirmed, the trial court has only to proceed with its execution." 60 Ill.App.2d 99, 104-05.

In the case at bar, the order itself specifically provides the ruling is not yet final and appealable. The amount of damages, if any, remains

open for determination and the judgment may not be executed until this issue is resolved. The trial court has ordered further hearings to settle the issue of what damages, if any, are owing as a result of Borrowdale's breach. The element of damages is a substantial issue in the controversy which remains to be settled. To allow a review of the case at this point will not result in a mere execution of judgment if the case is affirmed; rather, if affirmed the case must proceed to a determination of what damages may be owing, and the litigation between the parties may not be ended. The order appealed from does not finally terminate the litigation between the parties on the merits and does not completely dispose of the action. See *Schwind v. Mattson* (1st Dist. 1974), 17 Ill.App.3d 182, 186, 307 N.E.2d 673; *Lee v. Yanaway* (3rd Dist. 1893), 52 Ill.App. 23.

■■■ As held in the order itself and in the denial of Rotogravure's motion to dismiss the appeal in the trial court, the order is interlocutory. Supreme Court Rule 307 provides that certain interlocutory orders may be appealed as a matter of right. (Ill. Rev. Stat. 1973, ch. 110A, par. 307.) An order vacating a prior judgment and ordering a hearing on damages is not among those appealable interlocutory orders. Rule 308 provides for interlocutory appeals by permission and requires that an application for leave to appeal from an interlocutory order must be filed within 14 days after the entry of the order in the trial court. (Ill. Rev. Stat. 1973, ch. 110A, par. 308.) Borrowdale did not do this; therefore the interlocutory order is not appealable.

Since the order appealed from in this case is not final and does not dispose of the controversy between the parties, and there has been no leave to appeal filed within 14 days, the appeal must be dismissed and the cause returned to the trial court for further proceedings.

## II.

In view of the dismissal of this appeal, it would appear unnecessary for us to resolve the second issue raised; however, in the interest of conserving the time and energy of the trial court, we make the following observations for the trial court's consideration in the further deliberations concerning this matter.

Initially we note the division of the original decree entered December 5, 1972. That decree divided its ruling and dealt separately with the chancery and replevin actions. Only paragraph 7 of Part B dealing with the replevin suit retained the jurisdiction of the trial court to enter further orders to implement the decision. The section dealing with the chancery suit made no mention of retaining jurisdiction, nor did it mention the appealability of the order—this was stated only in para-

graph 8 of Part B. However, it appears clear to this court the parties intended paragraphs 7 and 8 of Part B to apply to the entire judgment and decree entered December 5, 1972. These paragraphs concluded the order and are necessary for the completion of both the chancery and replevin actions. Both parties proceeded in defendant's appeal and the rule to show cause as if the court retained jurisdiction despite the structure of the order.

Since the jurisdiction of the chancery suit was retained, the feasibility of specific performance is still properly before the trial court. However, this retention of jurisdiction only applies to the portions of the judgment requiring implementation. The damage portion of the decree was not open for further orders absent an appeal or section 72 motion to vacate. As we have previously noted, there was no appeal or section 72 proceeding. While Rotogravure orally suggested vacating the prior damage judgment, no grounds for granting a section 72 motion were urged.

Rotogravure contends it is entitled to damages because of the impracticality of requiring specific performance. The trial court noted specific performance was not impossible, but merely not economically prudent. The trial court also found that the cost of repairing and replacing the equipment at Rotogravure's place of business would exceed the original cost of the entire Acigraf system, which system no longer has the unique value it had at the time the contract was entered. Therefore, to require specific performance at this point in time would serve no purpose.

The trial court already ruled (in 1972) that Rotogravure had not sustained its burden of proving the damage allegations contained in the original complaint. No appeal nor section 72 motion was filed to vacate that judgment. We have found nothing in the record upon which the trial court could base its action. Therefore, the trial court was without jurisdiction to vacate the judgment as to Count II and its order in so doing was a nullity.

As this cause is being returned to the trial court, the parties will have an opportunity to consider the possibility of amending their pleadings to properly set forth their claims based on existing conditions.

Appeal dismissed.

STAMOS and HAYES, JJ., concur.