BLOCK AND COMPANY, INC., Plaintiff-Appellee, *v.* STORM PRINTING COMPANY, Defendant-Appellant.

First District (1st Division)   Nos. 62509, 62753 cons.

Opinion filed June 28, 1976.

GOLDBERG, P. J., specially concurring.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Robert H. Joyce, Raymond J. Kelly, Mark A. Lies II, and James C. Shanley, of counsel), for appellant.

Arnstein, Gluck, Weitzenfeld & Minow and Froelich, Grossman, Teton and Tabin, both of Chicago (Michael R. Turoff, John L. Ropiequet, and Alfred B. Teton, of counsel), for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

Storm Printing Company (Storm) appeals from an order enjoining it from further prosecution of an action against Block and Company, Inc. (Block), in the United States District Court for the Northern District of Texas, Dallas Division. Storm brought suit against Block in the Judicial District Court of Dallas County, Texas subsequent to the filing of the present action by Block in the circuit court of Cook County. Block removed the action from the Texas State court to the United States District Court.

Storm is a corporation organized under the laws of Texas and maintains its principal office in Dallas, Texas. Block is an Illinois corporation which is located in Wheeling, Illinois. Block is a merchandiser of a variety of equipment and supplies utilized by banks, savings and loan associations, and other financial institutions. Block and Storm entered into a contract by which Storm agreed to print and distribute certain merchandise catalogs. Block promotes the sale of its products through the distribution of merchandise catalogs to numerous financial institutions.

Block filed a complaint in the circuit court against Storm on April 7, 1975, alleging breach of contract on the ground that Storm defectively produced 220,000 catalogs contrary to the requirements contained in the parties' agreement and contrary to the standards of good workmanship. Block further alleged that Storm failed to complete printing and distribution of the catalogs in the time specified by the agreement, and that Storm did not properly distribute many of the catalogs in accordance with Block's instructions. The complaint averred that the contract between the parties was formed in Illinois.

On May 20, 1975, Storm filed a special appearance and a motion to

dismiss for lack of jurisdiction. Storm did not request a hearing on the motion to dismiss. However, on August 14, 1975, Storm submitted an answer alleging that the terms of the parties' agreement are different from the terms represented by Block in its complaint; that the catalogs were completely printed and ready for distribution in the time required by Block; that any default and delay in performance was caused by the actions of Block; and that improper distribution of catalogs resulted from Block's faulty shipping instructions. Storm further alleged that the contract was formed in Texas.

Prior to filing its answer, Storm brought an action against Block in the Judicial District Court of Dallas County, Texas on June 7, 1975. Storm sought recovery of the purchase price of goods and services rendered to Block in the production of the same merchandise catalogs which Block claimed in its Illinois action to be defectively printed and distributed. Block subsequently removed the suit from the Texas State court to the United States District Court for the Northern District of Texas, Dallas Division.

On July 3, 1975, Block filed an emergency motion in the circuit court for an injunction to restrain Storm from taking any further action in the Texas State court. On July 16, 1975, the injunction was granted by an order which extended the injunction's effect until "further order of the court." The injunction order was amended *nunc pro tunc* on August 8, 1975, to specify the reasons for the court's ruling. Storm filed a notice of appeal from the injunction order on August 11, 1975. Storm did not, however, file the record with this court until October 6, 1975. On October 15, 1975, on the motion of Storm, the circuit court made a finding that pursuant to Supreme Court Rule 304 there was no just reason for delaying enforcement or appeal of the injunction order of July 16, 1975. (Ill. Rev. Stat. 1975, ch. 110A, par. 304.) Thereafter, Storm filed a second notice of appeal from the July injunction order. Storm's appeal is predicated on the second notice of appeal.

At the outset we consider Block's contention that the appeal be dismissed because of failure by Storm to comply with Supreme Court Rule 307 which provides that an appeal from an interlocutory order must be perfected within 30 days from the entry thereof by filing a notice of appeal and the record within the same 30 days unless the time is extended by this court. (Ill. Rev. Stat. 1975, ch. 110A, par. 307.) Block offered the same argument to this court in a motion to dismiss the appeal on October 15, 1975, which we denied.

■■ We are of the opinion that the injunction order of July 16, 1975, is a final and appealable order. The purpose of the order was and is to restrain the prosecution of the action by Storm in the Texas court. The intention is to retain jurisdiction of the case and to protect that jurisdiction

against interference. While the order for the injunction uses language usually pertaining to a temporary injunction, the order in fact grants a permanent injunction. We adhere to the previous order entered by this court denying Block's motion to dismiss the appeal.

We next consider the only two issues presented by Storm on appeal. Storm first contends that it had the option of instituting a separate action in a Texas State court instead of filing a counterclaim in the circuit court pursuant to section 38 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 38.) Storm argues that electing to file a separate action under section 38 precludes issuance of the trial court's injunction. Secondly, Storm contends that the criteria established by the Illinois Supreme Court for enjoining foreign actions was not satisfied.

Our Supreme Court's decision in *James v. Grand Truck Western R.R. Co.*, 14 Ill. 2d 356, 152 N.E.2d 858, *cert. denied*, 358 U.S. 915, 3 L. Ed. 2d 239, 79 S. Ct. 288, controls the disposition of the issues raised. The plaintiff in *James*, a resident of Michigan, instituted a wrongful death action in Illinois. In reaction, the defendant railroad filed suit in Michigan and obtained an injunction restraining plaintiff from further prosecuting her Illinois action. The Supreme Court allowed plaintiff's motion for a counterinjunction enjoining the enforcement of the Michigan injunction.

■■ The *James* decision firmly establishes that a court of equity has the power, in appropriate circumstances, to restrain persons within its jurisdiction from instituting or proceeding with actions in the courts of sister States. More specifically, *James* reaffirms this State's policy to protect the jurisdiction which is first acquired over the parties and the merits of the cause. Illinois courts have consistently refrained enjoining parties from prosecuting a prior instituted action pending in another jurisdiction absent convincing proof of fraud, gross wrong or oppression. (*James v. Grand Trunk Western R.R. Co.*, 14 Ill. 2d 356, 366, 371, 152 N.E.2d 858, 864, 866.) The *James* decision does not require a similarly stringent standard of proving gross wrong or manifest injustice, as suggested by Storm, before an Illinois court may enjoin a party from further proceeding in a subsequently instituted action pending in a sister jurisdiction. *People ex rel. Scott v. Jones*, 44 Ill. 2d 343, 255 N.E.2d 397.

■■ Moreover, Storm has not sustained its burden of demonstrating that the trial court's order is based upon insufficient grounds. Block alleged in its motion for an injunction that further prosecution of the Texas action would result in fraud, oppression, irreparable harm, and a possible conflict in judgments. It has been held that a party initiating a subsequently filed out-of-State action will be restrained if further prosecution appears to be oppressive, vexatious, annoying, harassing, or unduly interfere with the progress of a prior instituted local action.

(*University of Texas v. Morris* (1961), 162 Tex. 60, 344 S.W.2d 426; *Childress v. Johnson Motor Lines* (1952), 235 N.C. 522, 70 S.E.2d 558; *Simmons v. Superior Court* (1950), 96 Cal. App. 2d 119, 214 P.2d 844.) The trial court conducted two separate hearings on Block's motion and entertained arguments of counsel. The record does not contain a report of proceedings. When the record on appeal is incomplete, it will be presumed that the trial court heard sufficient evidence and argument to support its decision. Any doubt arising from the incompleteness of the record will be resolved against the appellant. *Aetna Life Insurance Co. v. Strickland*, 33 Ill. App. 3d 52, 337 N.E.2d 285.

■■ Storm's argument that section 38 of the Civil Practice Act prohibits the issuance of the trial court's injunction is without merit. Section 38 provides that a defendant having a claim against any plaintiff or any co-defendant *may* elect to assert such claim in the form of a counterclaim. (Ill. Rev. Stat. 1975, ch. 110, par. 38.) If defendant's claim constitutes a separate cause of action, the claim may be asserted in a subsequent independent action. However, if the claim involves the same operative facts, the doctrine of *res judicata* may operate to bar a subsequent action. *Stoner v. Stoner*, 351 Ill. App. 304, 115 N.E.2d 103; *Kaufman v. Somers Board of Education* (D. Conn. 1973), 368 F. Supp. 28.

■■ Section 38 does not preclude an Illinois court from protecting its jurisdiction in order to decree complete and final justice between the parties. The action filed by Storm in Texas and the action instituted by Block involve the same subject matter and the same contract. Contrary to Storm's insistence, both actions raise identical questions relative to the conforming nature of the printing and distribution of the merchandise catalogs, the value of goods and services rendered by Storm minus any justified credits, and the possible incidental and consequential damages resulting to Block from any nonconformity. The trial court was not precluded by section 38 in ordering that an injunction issue for the purpose of completely adjudicating the controversy in its prior obtained jurisdiction.

We have not discussed the legal significance of the removal of the Texas case to the United States District Court because no issue thereon was raised by either of the parties in the trial court or in this court.

For these reasons the judgment is affirmed.

Judgment affirmed.

O'CONNOR, J., concurs.

Mr. PRESIDING JUSTICE GOLDBERG, specially concurring.

I am entirely in accord with the result reached in the above opinion on substantive legal grounds. However, I would prefer to reach the identical result by traveling a different road—the theory that this court has no jurisdiction of the appeal.

On July 17, 1975, on "plaintiff's motion for a preliminary injunction" the trial court ordered defendant restrained and enjoined from taking any action with regard to the Texas litigation "until further order of this Court." On August 7, 1975, defendant filed a motion for rehearing on the issuance of the injunction. On August 7, 1975, the trial court denied the motion for rehearing. On August 11, 1975, plaintiff filed a notice of appeal from the orders of July 17, 1975, and August 7, 1975.

The trial court record on appeal was filed in this court on October 6, 1975. On October 15, 1975, plaintiff obtained the entry of a further order by the trial court that there was no just reason for delaying the enforcement of or appeal from the court's order for injunction entered "July 16, 1975"; apparently referring to the order stamped "July 17, 1975" by the clerk.

The jurisdiction of this court necessarily depends upon whether the injunctional order entered July 17, 1975, is final or interlocutory. I am firm in the belief that this order was merely interlocutory. Supreme Court Rule 307(a)(1) refers to interlocutory orders granting an injunction. (Ill. Rev. Stat. 1975, ch. 110A, par. 307(a)(1).) The order of July 17, 1975, is expressly stated to be until further order of the court. The trial court therefore retained the power to modify, amend or vacate these orders at any time after the entry thereof. It is only where the order appealed from completely disposes of the entire controversy on the merits and finally terminates the litigation so that if the order should be affirmed the trial court need proceed only with execution of the judgment that an order may be classified as final. *Roddy v. Armitage-Hamlin Corp.* (1948), 401 Ill. 605, 83 N.E.2d 308, cited in *Block v. Block* (1974), 23 Ill. App. 3d 277, 278, 319 N.E.2d 116. See also *Rotogravure Service v. R. W. Borrowdale Co.* (1976), 36 Ill. App. 3d 606, 609, 344 N.E.2d 554; *Factor v. Factor* (1975), 27 Ill. App. 3d 594, 596, 327 N.E.2d 396.

It follows necessarily that this appeal was interlocutory and could have been perfected only under Supreme Court Rule 307. The Rule is clear and definite that, "[t]he record must be filed, in the Appellate Court" within 30 days from the entry of the interlocutory order, unless the time for filing the record is extended by the appellate court or a judge thereof. The record here was filed almost three months after the order, originally entered on July 17, 1975, and very close to two months after the order of August 7, 1975, denying defendant's motion for rehearing. No extension of time was ever requested or granted for the late filing of the record.

It has been specifically held that this type of late filing of the record creates good reason for dismissal of the appeal. (*Renfield Importers, Ltd. v. Modern Liquors, Inc.* (1973), 55 Ill. 2d 546, 549, 304 N.E.2d 626.) *Renfield* involved Rule 326 dealing with appeals from final judgments which provides that the record "shall be filed in the reviewing court within 63 days * * *." I can see no distinction between this Rule and Rule 307 which provides that the record "must be filed in the Appellate Court" within a 30-day period.

I have considered Supreme Court Rule 301 which provides that, "The appeal is initiated by filing a notice of appeal. No other step is jurisdictional." (Ill. Rev. Stat. 1975, ch. 110A, par. 301.) However, Rule 301 applies by its terms to final judgments. The former practice prior to January 1, 1964, did not provide for a notice of appeal from interlocutory orders. It provided instead for perfection of the interlocutory appeal in the trial court by filing a bond for costs. Then also the filing of the record in the appellate court within 30 days was mandatory. (See Ill. Rev. Stat. 1963, ch. 110, par. 78.) In my opinion, consideration of this factor leads to the conclusion that the language of the present Rule 307, that "the record must be filed" within the designated time is necessarily mandatory.

It is correct that before oral argument this court denied a motion of plaintiff to dismiss the appeal. However, I am of the opinion that this order was improvidently entered. Furthermore, this order was not final beyond correction. The jurisdiction of this court to proceed with an appeal is *always* an open question and may, and should, be raised by the court of its own motion at any time. *Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 629, 295 N.E.2d 41.

As above shown, defendant attempted to salvage its right to appeal by requesting and obtaining the entry by the trial court of an order on October 15, 1975, pursuant to Supreme Court Rule 304 that there was no just reason for delaying enforcement of, or appeal from, the injunctional order. This order cannot serve to confer jurisdiction upon this court. Supreme Court Rule 304 by its terms is applicable only to appeals "from a final judgment." Ill. Rev. Stat. 1975, ch. 110A, par. 304(a); see *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 66, 344 N.E.2d 461.

I would, therefore, dismiss the appeal for want of jurisdiction.