KRISTINE H. RYAN, Plaintiff-Appellee, *v.* DONALD W. RYAN, Defendant-Appellant.

First District (1st Division)   Nos. 76-1066, 76-1454 cons.

Opinion filed January 3, 1978.

James J. Reagan, of Northbrook, for appellant.

Jacobs, Camodeca & Timpone, of Chicago (William R. Jacobs, II, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Kristine H. Ryan, sued defendant, Donald W. Ryan, for divorce. In addition, plaintiff sought temporary alimony and support orders from the circuit court. Subsequently, the trial court ordered the defendant to turn over to plaintiff two automobiles and to pay a certain charge account bill. After defendant failed to transfer possession of the two automobiles to the plaintiff and pay the bill, plaintiff sought the appointment of a sequestrator over the defendant's assets. The trial court ordered the appointment of a sequestrator of defendant's assets and defendant appeals, arguing that the circuit court abused its discretion by appointing a sequestrator.

The record reveals that on June 14, 1976, the circuit court ordered defendant to turn over a 1975 Mercury automobile to the leasing company for repairs and to give plaintiff notice of the location of the repairs. On June 30, 1976, defendant was ordered to allow plaintiff to use a 1974 Ford. Another order required defendant to pay a certain charge account bill.

On July 9, 1976, plaintiff filed a verified emergency petition alleging that the defendant had not made either automobile available to her and had not paid the charge account bill. Plaintiff prayed for the payment of the charge account bill and for a body attachment against the defendant until he turned over the Mercury. Defendant's answer to the emergency petition admitted the failure to pay the bill and to make the automobile available. He denied that the failure to turn over the automobiles and to pay the bill was wilful. He also denied that he was able to pay the bill.

Plaintiff filed a verified petition for the appointment of a sequestrator over the assets of defendant on July 15, 1976, alleging that checks which defendant had sent her were returned by plaintiff's bank marked "insufficient funds" and "payment stopped." Defendant answered plaintiff's petition.

On July 15, 1976, the trial court heard testimony and arguments and ordered an attachment of defendant and of the Mercury automobile and the appointment of a sequestrator.

Defendant appeals, contending that the order of sequestration was unjustified, unnecessary and contrary to Illinois law.

Sequestration is an equitable remedy provided for by statute. At the time the trial court entered its order, section 42 of "An Act to regulate the practice of courts in granting equitable relief" provided (Ill. Rev. Stat. 1975, ch. 22, par. 42):

> "When any complaint is taken for confessed, or upon hearing, the court may make such decree thereon as may be just, and may enforce such decree, either by sequestration of real and personal estate, by attachment against the person, by fine or imprisonment, or both, by causing possession of real and personal estate to be delivered to the party entitled thereto, or by ordering the demand of the plaintiff to be paid out of the effects or estate sequestered, or which are included in such decree; and by the exercise of such other powers as pertain to courts of chancery, and which may be necessary for the attainment of justice." .

Effective October 1, 1976, this paragraph was amended to conform to the Supreme Court Rules and the Civil Practice Act. (Pub. Act 79-1365.) No change in substance was made.

■■ Sequestration is an *in rem* proceeding. *Manning v. Mercantile Securities Co.* (1909), 242 Ill. 584, 90 N.E. 238.

■■ Defendant argues that the order of sequestration was improperly granted because he had not been held in contempt previously. The sequestration statute makes no such requirement. Furthermore, our supreme court has stated that the remedies of contempt and sequestration are concurrent and alternative. (*Manning*, 242 Ill. 584, 597.) Clearly they are not dependent on each other.

Both parties cite *Factor v. Factor* (1975), 27 Ill. App. 3d 594, 327 N.E.2d 396, where this court, citing *Manning*, stated that in modern times the writ of sequestration is used by the chancery courts in proceeding against property of "a contumacious defendant." "Contumacious" means "stubbornly disobedient." (Webster's New International Dictionary 581 (2d ed. 1954).) It does not necessarily require that a defendant also be found guilty of contempt.

■■ On this record, the trial court acted properly by sequestering defendant's property. Given the conduct of defendant, the trial court reasonably concluded that sequestration was necessary to protect plaintiff's interests.

This court's order of September 9, 1976, which stayed the order of the circuit court is vacated. The order of the circuit court is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.