2024 IL App (1st) 231427-U

No. 1-23-1427

Order filed July 17, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| OLEKSII SYNIUK, d/b/a WOLF TRANS LINES, INC., and VITALII KOZHUSHKO, d/b/a KVK TRANSPORT, INC, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs and Counterdefendants-Appellants, | ) ) | |
| v. | ) ) | No. 20 L 7355 |
| IBY TRANSPORT, INC., | ) ) | Honorable Maura Slattery Boyle, |
| Defendant and Counterplaintiff-Appellee. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Justices D.B. Walker and R. Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's ruling that the truck drivers breached their oral contract with the transportation company, and the trial court's damage award in favor of the transportation company were not against the manifest weight of the evidence.

¶ 2    Plaintiffs Oleksii Syniuk, d/b/a Wolf Trans Lines, Inc., and Vitalii Kozhushko, d/b/a KVK

Transport Inc., sued defendant IBY Transport, Inc. to enforce an oral contract for the purchase of

a truck, trailer, and replacement engine. Defendant then filed a counterclaim against plaintiffs for,

*inter alia*, breach of the same oral agreement. After a bench trial, the trial court ruled against plaintiffs on their claim and in favor of defendant on its counterclaim, and awarded damages to defendant.

¶ 3    On appeal, plaintiffs argue that the trial court erroneously found that they breached the oral contract because they substantially performed their obligations under that agreement. Plaintiffs also argue that the trial court misapplied the law by denying them credit for the money they had paid toward the purchase of the truck and engine.

¶ 4    For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 5                              I. BACKGROUND

¶ 6    The parties do not dispute that, in May 2018, each plaintiff executed an identical written contract with defendant for truck and hauling services. The written contracts provided that plaintiffs were paid 90% on all the loads they transported under the agreements, which mandated that they provide their own equipment. Also in May 2018, plaintiffs made an oral contract with defendant where defendant would purchase a trailer and plaintiffs would buy a truck and the trailer from defendant over time. This oral contract was later modified to include the sale of a new engine for the truck.

¶ 7    Relevant to this appeal, plaintiffs sued defendant, alleging that (1) defendant breached the parties' oral contract by failing to deliver the truck with the new engine for which plaintiffs had allegedly made payments, and (2) defendant wrongfully took possession and ownership of the truck by taking it away and selling it.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 8      Defendant's counterclaim alleged that plaintiffs breached the parties' written contracts by failing to pay charges resulting from tolls, fines, repairs and other violations enforceable through the terms of the written contracts. Defendant also alleged that, regarding the parties' oral contract, plaintiffs failed to pay the agreed amount within the agreed upon time for the sale of the truck, trailer, and new engine. In the alternative, defendant alleged unjust enrichment claims against plaintiffs, alleging that they had benefitted from the use of the truck and trailer to defendant's detriment.

¶ 9      In January 2022, an arbitrator denied plaintiffs' claim and awarded $15,757.72 to defendant on its counterclaim. Plaintiffs rejected the award, and the case proceeded to a bench trial.

¶ 10      In April 2023, after a bench trial, the trial court rejected plaintiffs' claim and ordered them to pay defendant $15,757.72, *i.e.*, $12,862.71 for breach of the parties' written contracts and $2895 for breach of the parties' oral contract. The trial court also ordered plaintiffs to pay defendant's reasonable legal fees for the arbitration.

¶ 11      According to the trial court's written order, the court found that the parties' oral agreement provided that defendant would transfer title of ownership for the truck and trailer to plaintiffs when plaintiffs paid defendant $61,000 for the truck and trailer (which consisted of $29,000 for the truck and $32,000 for the trailer), and $13,395 for the replacement engine. However, plaintiffs paid defendant only $29,000 for the truck and trailer and $10,500 for the engine, leaving an outstanding balance of $34,895. The court rejected plaintiffs' argument that defendant had breached the oral contract by failing to transfer possession and ownership of the truck to plaintiffs after they had paid defendant $29,000. Specifically, the court found that the oral agreement was for the sale of

the truck *and* trailer for a total of $61,000, not for the truck *or* trailer, and title of ownership of the truck and trailer was not due until the full agreed amount was paid.

¶ 12    Accordingly, the trial court found that plaintiffs, and not defendant, had breached the oral contract because plaintiffs, who had paid less than 50% of the total agreed amount for the truck and trailer combined, did not perform their obligation to pay the full amount for purchase of the truck and trailer. However, because defendant had regained possession of the trailer, the unpaid amount of $32,000 for the trailer would be deducted from plaintiffs' outstanding balance, so plaintiffs owed defendant only $2895, *i.e.*, the outstanding balance for the cost of the engine, under the parties' oral contract.

¶ 13    Also, the trial court rejected plaintiffs' claim that defendant committed conversion because nothing in the record indicated that the oral contract allowed for piece-by-piece selection and transfer of the truck and trailer. Because plaintiffs did not pay the complete amount for purchase of the truck and trailer, ownership remained with defendant and plaintiffs could not meet their burden to establish a property right in the truck.

¶ 14    Regarding defendant's counterclaim, the trial court ruled that plaintiffs breached the parties' written contracts and thus owed defendant $12,862.72, jointly and severally. Plaintiffs do not challenge this portion of the award on appeal.

¶ 15    The trial court also found that plaintiffs' conduct did not amount to unjust enrichment for their use of the trailer or truck because an express contract existed between the parties that concerned their compensation terms, *i.e.*, that plaintiffs would receive 90% of the gross receipts of the carrier payments and defendant would receive 10%.

¶ 16    Finally, the trial court ordered plaintiffs to pay defendant's reasonable legal fees for the arbitration because plaintiffs rejected the arbitrator's $15,757.72 award and failed to obtain a better result at trial.

¶ 17    Plaintiffs moved the trial court to reconsider its judgment, which the court denied. The court also awarded defendant $4193.74 in arbitration fees, for a total judgment for defendant of $19,951.46. Plaintiffs appealed.

¶ 18                                    II. ANALYSIS

¶ 19                            A. Substantial Performance

¶ 20    Plaintiffs argue that the trial court abused its discretion in finding that they breached the parties' oral contract because the parties' e-mails and invoices, authenticated by witness testimony, showed that plaintiffs substantially performed their obligations under that contract when they paid $29,000 for the truck and $10,500 towards the $13,395 engine, but defendant kept possession of the truck and engine and failed to return the money plaintiffs had paid. Plaintiffs argue that because they performed part of the oral contract, they should be compensated for that portion of the performance. They contend that defendant failed to completely perform under the contract because defendant kept plaintiffs' money and possession of the equipment. According to plaintiffs, the trial court gave them credit for the $32,000 trailer because defendant regained possession of it; however, the trial court failed to give plaintiffs a $29,000 credit for the truck defendant repossessed.

¶ 21    To prevail on their claim of breach of contract, plaintiffs must prove (1) the existence of a valid and enforceable contract, (2) that they substantially performed the contract, (3) that defendant breached the contract, and (4) that damages resulted. See *Rocha v. FedEx Corp.*, 2020 IL App (1st)

190041, ¶ 95. Whether a breach of contract occurred is a question of fact and the judgment of the trier of fact will not be disturbed unless it is clearly against the manifest weight of the evidence. *Horton Industrial, Inc. v. Village of Moweaqua*, 142 Ill. App. 3d 730, 738 (1986). "A factual finding is against the manifest weight of the evidence only if it is clearly apparent from the record that the trial court should have reached the opposite conclusion or if the finding itself is unreasonable, arbitrary, or not based upon the evidence presented." *State Farm Fire & Casualty Co. v. Welbourne*, 2017 IL App (3d) 160231, ¶ 17.

¶ 22    The record on appeal does not contain a report of proceedings, bystander's report, or agreed statement of facts. See Ill. S. Ct. R. 323 (eff. July 1, 2017). As the appellants, plaintiffs have the burden to present a sufficiently complete record of the proceedings that took place at trial to support their claims of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Chicago City Bank & Trust Co. v. Wilson*, 86 Ill. App. 3d 452, 454 (1980). Any doubts arising from the incompleteness of the record will be resolved against the appellants. *Block & Co. v. Storm Printing Co.*, 40 Ill. App. 3d 92, 96 (1976).

¶ 23    Without a report of proceedings, bystander's report, or agreed statement of facts, this court cannot review the evidence presented to the trial court to determine whether the trial court's ruling was against the manifest weight of the evidence. Plaintiffs have failed to file a record sufficient to support their argument that the evidence introduced at trial supports their interpretation of the parties' oral contract—*i.e.*, that they needed to pay only $29,000 to be entitled to possession and ownership of the truck. Consequently, we assume that the evidence the trial court heard fully

supported the court's factual findings. Accordingly, we affirm the judgment of the trial court based on its findings regarding plaintiffs' breach of the terms of the parties' oral contract, which provided for the sale of the truck *and* trailer for a total of $61,000, not for the truck *or* trailer.

¶ 24                                          B. Damages

¶ 25     Plaintiffs argue that the trial court abused its discretion when it failed to award them $39,500 in damages (consisting of the $29,000 they paid toward the truck and $10,500 they paid toward the engine), which is necessary to restore them to the same position financially that they would have occupied if defendant had not engaged in the wrongful conduct of refusing to credit plaintiffs for their payments toward the truck and engine. Plaintiffs argue "[m]oreover, the circuit court has erred in including the trailer in the calculation because it was neither paid for or changed possession." Plaintiffs assert that defendant took possession of the trailer and rented it out to other trucking companies. Plaintiffs argue that because they accept the trial court's award of $12,862.72 for defendant based on plaintiffs' breach of the parties' written contracts, a fair damage award in plaintiffs' favor would be $39,500 (the total amount they paid toward the truck and new engine), minus $12,862.72 (the undisputed award they owe defendant based on their breach of the written contracts), for a total award of $26,637.28.

¶ 26     Plaintiffs' argument implicates the trial court's findings regarding the terms of the parties' oral contract. As stated above, we review the trial court's factual findings for whether the determination is against the manifest weight of the evidence. *State Farm Fire & Casualty Co.*, 2017 IL App (3d) 160231, ¶ 17. However, without a report of proceedings, bystander's report, or agreed statement of facts, this court cannot review the evidence presented to the trial court regarding the terms of the oral contract and whether plaintiffs or defendant breached those terms.

Because plaintiffs have the burden to present a sufficiently complete record of the proceedings that took place at trial to support their claims of error (see *Foutch*, 99 Ill. 2d at 391), in the absence of such a record on appeal, we presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis (see *Chicago City Bank & Trust Co.*, 86 Ill. App. 3d at 454), and resolve any doubts arising from the incompleteness of the record against plaintiffs (see *Block & Co.*, 40 Ill. App. 3d at 96).

¶ 27    Accordingly, we affirm the judgment of the trial court that determined plaintiffs, not defendant, breached the terms of the oral contract and ordered plaintiffs to pay defendant $15,757.72 in damages plus $4193.74 in arbitration fees, for a total judgment for defendant of $19,951.46.

¶ 28                                  III. CONCLUSION

¶ 29    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 30    Affirmed.