Veronica Stark, Appellant, v. William F. Stark, Appellee. John and Isabelle Rubien, and Casimir Griglik, Respondents-Appellees.

Gen. No. 46,628.

First District, Third Division.

September 21, 1955.

Released for publication November 23, 1955.

Sol R. Friedman & I. S. Friedman, and Jerome Berkson, all of Chicago, for appellant; William J. Teed, of Chicago, of counsel.

Gariepy & Gariepy, of Chicago, for John and Isabelle Rubien, respondents-appellees; Fred A. Gariepy, and John Spalding, both of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This appeal is by plaintiff from orders entered, bearing upon the care, custody, control and education of the three minor children of the parties to the divorce action.

On December 29, 1943, plaintiff was awarded a decree of divorce, which divided the custody of the minor children between herself and the defendant. The decree further provided that the minor children reside at Dundee, Illinois, with the intervenor, Isabelle Rubien, a sister of the plaintiff, and gave the right of visitation to plaintiff and defendant. Since the decree plaintiff twice remarried. Plaintiff, after the death of her third husband, filed a petition on June 20, 1953, nearly ten years after the decree, for the modification of the decree of divorce respecting the custody of the minor children, then aged 14, 13 and 11 years, respectively, and prayed for an order awarding her sole custody. John and Isabelle Rubien intervened in opposition to plaintiff's petition for modification. The petition and intervening petition were referred to a regular master of the Superior Court to hear the evidence and report his findings of fact and conclusions of law. After a full hearing, the master filed his report, finding that plaintiff is an unfit person to have the care, custody or control of the minor children; that the best interests of the children require they continue to be in the care, custody and control of the intervening petitioners; and recommended an order in accordance with his findings. Exceptions filed to the report were heard, and an order was entered sustaining the master's report, denying plaintiff's petition for modification, and awarding the sole care, custody and control of the minor children to the intervening petitioners.

On September 10, 1954, plaintiff filed a petition to vacate the order awarding the custody of the children to the intervening petitioners. Upon a hearing this

petition was denied. No appeal was taken or application made for leave to appeal from the above orders.

Thereafter, the master filed a petition directed against plaintiff, seeking enforcement of the order theretofore entered against plaintiff to pay his master's fees. Plaintiff filed a counterpetition, which for the first time, so far as the record discloses, asserted that the court was without jurisdiction when it referred the custody hearing to a master; that all proceedings before the master and all orders entered subsequently which depend upon the master's report are null and void, and therefore the master could not legally ask for fees or seek enforcement for payment; and again prayed for an order awarding her sole custody of her minor children. Upon a hearing the latter counterpetition of plaintiff was dismissed, which order is included in plaintiff's appeal.

The only point raised by plaintiff upon this appeal is that the court, in referring the custody hearing to a master, was without authority or jurisdiction to make the reference, since there is no provision in the Divorce Act, § 18 [Ill. Rev. Stats. 1953, ch. 40, § 19; Jones Ill. Stats. Ann. 109.186], for such a reference. Plaintiff relies upon Simpson v. Harrison, 328 Ill. App. 425, 433, to sustain her contention. That case dealt with an order of reference to a special commissioner and not a regular master of the court, and held the proceedings before the special commissioner were void. However, the same court in Phillips v. O'Connell, 331 Ill. App. 511, 528, expressly reversed its holding in the Simpson case and held such proceedings are voidable, not void. To the same effect is Pokorney v. Pokorney, 348 Ill. App. 364, 370.

■ While section 18 of the Divorce Act is silent with respect to any reference to a master after a decree of divorce, upon any hearing involving the custody of children, there is nothing in the statute that prohibits such a reference. No case has been cited by

444

plaintiff which holds that such a reference to a regular master of the court is without authority and void. The master's report and recommendations are merely advisory. We find no reason why a court of chancery cannot refer a hearing as to custody of minor children to a master. Such procedure was followed in Swanson v. Swanson, 335 Ill. App. 644 (abst.), where, after decree, a reference was made to a master for hearing as to the custody of children, and the court sustained the master's report.

The order of February 19, 1954, sustaining the master's report and awarding the custody to Rubien, from which there was no appeal, is res adjudicata as to all circumstances and conditions of the parties existing up to the time of the entry of that order. The same holds true with respect to the order denying the petition to vacate the order of February 19, 1954. The subsequent counterpetition filed by plaintiff showed no change in circumstances of the parties that would warrant any other order for the custody of the children.

The orders appealed from are affirmed.

Affirmed.

LEWE, P. J. and KILEY, J., concur.