In re Annie Pearl JOSEPHS, Debtor.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant,**

v.

Annie Pearl JOSEPHS, Appellee.

Nos. 88 C 5293, 88 B 2095.

United States District Court, N.D. Illinois, E.D.

Nov. 22, 1988.

Richard L. Hirsh, Bashaw & Associates, P.C., Hinsdale, Ill., for appellant.

Rodney Hughes Brooks, William Darling, Chicago, Ill., for appellee.

## ORDER

BUA, District Judge.

This matter comes before the court on appeal from the United States Bankruptcy Court. On February 11, 1988, appellee Annie Pearl Josephs filed a bankruptcy petition requesting relief under Chapter 13 of the Bankruptcy Code ("the Code"), 11 U.S. C. §§ 1301 *et seq.* Shortly thereafter, appellant Federal National Mortgage Association ("FNMA"), which holds a first mortgage on Josephs' residence, requested relief from the automatic stay that went into effect at the filing of Josephs' petition. Having initiated foreclosure proceedings in Illinois state court before Josephs' bankruptcy petition was filed, FNMA sought relief from the automatic stay to conclude the foreclosure. The bankruptcy court denied FNMA's motion to modify the auto-

matic stay, and this appeal ensued. For the reasons stated herein, the bankruptcy court's decision is affirmed.

The bankruptcy court's decision[1] consists of two parts. In part A, the bankruptcy court held that the automatic stay provided for in § 362(a) of the Code is applicable to the foreclosure proceedings instituted by FNMA. In part B, the bankruptcy court rejected FNMA's argument that sufficient grounds exist for modifying the stay under § 362(d) of the Code. In making both of these rulings, the court was required to examine the new Illinois Mortgage Foreclosure Law ("IMFL"), Ill. Rev.Stat. ch. 110 §§ 15–1101 *et seq.* (1987 Supp.), which became effective on July 1, 1987. As recognized by the bankruptcy court, the fundamental question presented by this case is how the new IMFL interacts with federal bankruptcy law.

The IMFL made significant changes in the structure of Illinois mortgage foreclosure proceedings. One of the changes concerns the timing of the judicial sale and the redemption period. Under prior law, a court entering judgment of foreclosure ordered immediate judicial sale of the mortgaged property. *See* Ill.Rev.Stat. ch. 110 ¶¶ 15–111 & 15–201 (1985). At the judicial sale, the purchaser of the property received a certificate of sale but not a deed. Ill.Rev. Stat. ch. 110 ¶ 12–119 (1985). After the sale, a six-month redemption period began, during which time the mortgagor could redeem the property by paying the judicial sale purchaser the sale price plus interest. Ill.Rev.Stat. ch. 110 ¶ 12–128 (1985). If the mortgagor did not exercise his right to redeem within the six months, the judicial sale purchaser was entitled to receive a deed for the property in exchange for the certificate of sale. Ill.Rev.Stat. ch. 110 ¶¶ 12–119 & 12–145 (1985).

Under the IMFL, judicial sale of mortgaged property does not occur immediately upon the entry of judgment of foreclosure. Instead, judicial sale occurs only after the redemption period has expired and the mortgagor has not exercised his right of

1. *See In re Josephs,* 85 B.R. 500 (N.D.Ill.1988).

redemption. Ill.Rev.Stat. ch. 110 § 15–1507 (1987 Supp.). In other words, the redemption period now runs between the judgment of foreclosure and the judicial sale. This structure avoids having the judicial sale purchaser buy the property subject to the mortgagor's right to redeem.

■ In part A of the bankruptcy court's opinion, the court held that this change in the Illinois mortgage foreclosure process had a direct impact on Josephs' bankruptcy proceedings. Specifically, the bankruptcy court ruled that where, as in Josephs' case, a bankruptcy petition is filed during the IMFL's redemption period, the Bankruptcy Code's automatic stay provision prevents the continuation of the mortgage foreclosure process. In making this determination, the court distinguished *In re Tynan*, 773 F.2d 177 (7th Cir.1985), where the Seventh Circuit reached the opposite decision in applying prior Illinois law. The bankruptcy court reasoned that the changes instituted by the IMFL altered the effect of filing a bankruptcy petition during the redemption period.

This court agrees. The bankruptcy court's decision is based squarely on the plain language of § 362(a), which provides that the following acts are stayed at the filing of a bankruptcy petition:

> ... the ... continuation ... of a judicial ... or other action or proceeding against the debtor ... [and]
>
> ... any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

§ 362(a)(1), (3). In contrast to prior Illinois law, under the IMFL judicial sale of the mortgaged property does not occur until after the redemption period has expired. This judicial sale is necessary to complete the foreclosure process. However, the act of executing the sale clearly is the type of conduct stayed by § 362(a). *See First Financial Savings & Loan Association v.*

*Winkler*, 29 Bankr. 771, 773 (N.D.Ill.1983). Therefore, the bankruptcy court properly held that § 362(a) prevents the mortgagee from completing IMFL proceedings that are only in the redemption stage when the mortgagor files a bankruptcy petition.

■ After determining that the automatic stay is applicable to the proceedings initiated by FNMA, the bankruptcy court then discussed, in part B of its opinion, whether FNMA had shown cause for modifying the stay. The court ruled that there was insufficient cause to modify the stay. On appeal, FNMA challenges that ruling by arguing that it is entitled to relief from the stay under § 362(d) of the Code, which provides:

> On request of a party in interest .. the court shall grant relief from the stay ... for cause, including lack of adequate protection of an interest in the property of such party in interest ...

FNMA contends that after the judgment of foreclosure was entered against Josephs, the only property interest which Josephs retained was the right to redeem. FNMA asserts that because the redemption period has since expired,[2] Josephs now holds no interest in the property besides naked title. FNMA argues that due to Josephs' lack of sufficient interest in the property, FNMA's interest in the property is not adequately protected.

Josephs, on the other hand, claims the bankruptcy court properly ruled that FNMA is not entitled to modification of the stay to conclude foreclosure on her mortgage. Josephs urges this court to affirm the bankruptcy court's ruling that she is entitled to cure the default on her mortgage as part of her Chapter 13 debt readjustment plan. The bankruptcy court held that she was entitled to cure her default under § 1322(b)(5) of the Code, which permits a Chapter 13 plan to:

---

**2.** Without the filing of Josephs' bankruptcy petition, the redemption period would have expired under the IMFL on 3/18/88, three months after the judgment of foreclosure was entered. Under § 108(b) of the Code, the filing of the bankruptcy petition on 2/11/88 extended the redemption period to 4/11/88. However, the filing of the petition did not toll the running of the redemption period. *Matter of Tynan*, 773 F.2d 177, 179–80 (7th Cir.1985). Therefore, since 4/11/88 has passed, the redemption period has expired.

... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last payment is due after the date on which final payment under the plan is due.

The court rejected FNMA's argument that Josephs' right to cure under § 1322(b)(5) was cut off when FNMA secured foreclosure judgment against Josephs or, alternatively, when the redemption period expired. Instead, the court found that the right survived until the foreclosure sale, which had not yet occurred. Therefore, the court ruled that Josephs had a right to cure under § 1322(b)(5) and, consequently, that FNMA had no inadequately protected interest which would justify modification of the stay.

On appeal, the fundamental question presented is whether the bankruptcy court properly held that Josephs' right to cure default under § 1322(b)(5) was not cut off by the entry of foreclosure judgment or by the running of the redemption period. In other words, can a mortgagor cure the default on her mortgage where she files a bankruptcy petition after foreclosure judgment is entered under the IMFL but prior to judicial sale of the mortgaged property?

Two Seventh Circuit cases, *In re Clark*, 738 F.2d 869 (7th Cir.1984), and *In re Tynan, supra*, provide the framework for analyzing this issue. *Clark* established that a petitioner in bankruptcy is entitled to cure his mortgage default under § 1322(b)(5) even though he did not file for bankruptcy until after a state court entered judgment of foreclosure on his mortgage. The ruling in *Clark* turned on the court's interpretation of Wisconsin mortgage foreclosure law. Under Wisconsin law, the mortgagee does not acquire legal or equitable title upon foreclosure; he has only a lien on the property until the foreclosure sale. *Clark*, 738 F.2d at 869. The court stated:

A judgment of foreclosure "does little more than determine that the mortgagor is in default, the amount of principal and interest unpaid, the amounts due to plaintiff mortgagee for taxes, etc....

The judgment does not destroy the lien of the mortgage but judicially determines the amount thereof."

*Id.* (citations omitted). Under these circumstances, the court determined that the entering of the Wisconsin state court judgment of foreclosure prior to the mortgagor's bankruptcy filing had no impact on the mortgagor's right to cure default on the mortgage under § 1322(b). *Id.* at 874. However, the court cautioned:

... we do not reach the question whether the same result obtains in a state in which the effect of the judgment of foreclosure is different ...

*Id.*

Only a year later, the *Tynan* case provided the Seventh Circuit with the opportunity to decide whether the entering of a mortgage foreclosure judgment under another state's law affects a mortgagor's right to cure default under § 1322(b)(5). In *Tynan*, the applicable law was the prior Illinois mortgage foreclosure law. As discussed above, that law provided for immediate judicial sale of the mortgaged property upon the entry of a judgment of foreclosure. The *Tynan* court found that under these circumstances, a mortgagor could not assert a right to cure under § 1322(b)(5) where the judgment of foreclosure and sale had occurred before the filing of his bankruptcy petition. 773 F.2d at 178. The court ruled:

... there was no default to cure after judgment of foreclosure was entered. [The judicial sale purchaser] satisfied the debt which the [mortgagors] owed to the bank that had made the mortgage loan upon the property. *See First Financial Savings & Loan Association v. Winkler*, 29 B.R. 771, 773 (N.D.Ill.1983) (there is no "mortgage" under which a Chapter 13 debtor can cure arrearages after entry of judgment of foreclosure and sale).

*Id.* In a footnote, the court distinguished *Clark* by noting that it arose under Wisconsin law, and no foreclosure sale had occurred before the Chapter 13 petition had been filed. 773 F.2d at 179 n. 2.

■ These two cases establish several principles which guide the court's ruling in

this case. First, the cut-off point at which a Chapter 13 debtor loses her right to cure default pursuant to § 1322(b)(5) varies depending on the applicable state mortgage foreclosure law. *See Tynan*, 773 F.2d at 179 (holding Clark "inapposite because it arose under Wisconsin law"). Secondly, the point in the state mortgage foreclosure process at which the mortgagor loses her right to cure default is where the mortgage ceases to exist. *Id.* at 178. Thirdly, to determine the point at which the mortgage is extinguished, the court should determine whether title has passed to the mortgagee or title has remained in the mortgagor, with the mortgagee retaining a lien on the mortgaged property. *Id. See also Clark*, 738 F.2d 871.

Applying these principles to the instant case, this court affirms the bankruptcy court's ruling that Josephs' right to cure has not been cut off. Under the IMFL, the mortgagor retains title to the property after foreclosure judgment is entered. *See* IMFL §§ 15–1207(c) & 15–1506(i). Judgment of foreclosure only creates a judicial lien in favor of the mortgagee; it does not cause title to pass to the mortgagee. *Id.* As the bankruptcy court noted, an IMFL foreclosure judgment is very similar to the Wisconsin judgment of foreclosure in *Clark*—it enters a finding of default, determines the amount due the mortgagee, and orders sale of the mortgaged property to satisfy the amount due if the mortgage is not redeemed. *See* IMFL §§ 15–1506(e),(i) & 15–1504(e)(1),(2),(3). Title does not pass to the mortgagee until the passing of the redemption period, the execution of the judicial sale, and the entry of an order confirming the sale. IMFL §§ 15–1508 & 15–1509. Under these circumstances, *Clark* dictates that Josephs' right to cure under § 1322(b)(5) of the Code survives until judicial sale of the mortgaged property. Since such sale has not yet occurred, Josephs has the right to cure. Consequently, FNMA's interest is not inadequately protected, and its grounds for relief from the stay are insufficient. Therefore, its motion to modify the stay based on § 362(d) was properly denied.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's decision denying FNMA's motion to modify the automatic stay is affirmed.

IT IS SO ORDERED.