TRUSTEES OF CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, Plaintiff, v. La SALLE NATIONAL BANK, as Trustee, Defendants (Wayne Jackson, Petitioner-Appellant; Trustees of Central States, Southeast and Southwest Areas Pension Fund *et al.*, Respondents-Appellees).

First District (4th Division) No. 1—87—1339

Opinion filed June 22, 1989.—Rehearing denied August 1, 1989.

Ronald Gertzman, of Chicago, for appellant.

John O. Collen, of Chapman & Cutler, of Chicago, for appellee Trustees of Central States, Southeast and Southwest Areas Pension Fund.

J. Mark Fisher and Marc W. O'Brien, both of Schiff, Hardin & Waite, of Chicago, for appellee Johnstown/Consolidated Realty Trust.

JUSTICE JOHNSON delivered the opinion of the court:

Petitioner, Wayne Jackson, appeals from an order of the circuit court of Cook County denying his petition to void the sale of commercial property located in Chicago, Illinois. The sole issue presented for review is whether the trial court erred in failing to find that it lacked statutory jurisdiction to appoint a commissioner to conduct a sale of real estate subject to a mortgage foreclosure judgment.

We affirm.

Petitioner is the sole general partner of an Illinois limited partnership that held 100% of the beneficial interest in American Land Trust. American Land Trust held legal title to the commercial office building that was the subject of the action in foreclosure. The property was encumbered by three mortgage liens as of January 3, 1986.

The first mortgage was held by respondent Trustees of Central States, Southeast and Southwest Areas Pension Fund. Lincoln National Pension Insurance Company held the second mortgage. The third mortgage was held by Johnstown/Consolidated Realty Trust, also a respondent. These mortgages secured a principal amount of debt in excess of $12 million.

Petitioner's partnership defaulted on the mortgage payments and respondents and Lincoln filed to foreclose their mortgage lien on the property. Petitioner's partnership then filed a Chapter 11 voluntary bankruptcy on February 13, 1986. On April 28, 1986, an agreed bankruptcy order was entered which set the terms of an agreed order of foreclosure for the judicial sale of the property. Petitioner's partnership was given a grace period in which to find a third-party purchaser for the property. The partnership failed to find a purchaser within the specified period of time.

On June 13, 1986, the agreed order for judgment of foreclosure was entered. This order and the agreed bankruptcy order called for the judicial sale of the property on July 7, 1986. A commissioner was appointed by the trial court to take bids on the property in the bankruptcy court. This allowed the bankruptcy judge to observe the sale. The sale took place on July 24, 1986. Johnstown/Consolidated Realty Trust was the only bidder at $10.4 million. On August 15, 1986, respondents and Lincoln jointly moved to confirm the sale. The sale was confirmed on September 3, 1986.

Petitioner then filed a petition to set aside the order confirming sale and to void the commissioner's sale on December 16, 1986, more than three months after the sale had been confirmed. Petitioner argued that the sale was void because, although the agreed foreclosure order was entered in circuit court, the sale was held on Federal property in a bankruptcy courtroom. On January 15, 1987, after the property was sold to a third-party purchaser, petitioner filed an amendment to set aside the order confirming sale, to avoid the commissioner's sale, and to void a portion of the judgment foreclosure.

On March 3, 1987, the amended petition was denied. The court found that its order of June 13, 1986, was not void and that there were no grounds to vacate, since the June 13 order was entered with petitioner's consent and no motion to vacate was filed until six months after its entry. This appeal followed.

■■ ■ Petitioner contends that the court order confirming the sale of the real estate is void and, therefore, subject to collateral attack. "Any petition to vacate an order, judgment, or decree, filed

more than 30 days after the entry thereof, even though made to the court that rendered it, constitutes a collateral attack." (*People v. O'Keefe* (1960), 18 Ill. 2d 386, 391.) In the case of collateral attack, all presumptions are in favor of the validity of the attacked judgment and the face of the record. (*Scheller v. Trustees of Schools* (1978), 67 Ill. App. 3d 857, 866.) In the area of judicial sales, collateral attacks are limited to sales which are void because of a lack of jurisdiction of the court over the subject matter or person or due to fraud in procuring the sale. *City of Chicago v. Central National Bank* (1985), 134 Ill. App. 3d 22, 26.

In the instant case there are no allegations of fraud in the sale proceedings nor is there a claim that the court lacked subject matter or personal jurisdiction over the sale. Petitioner maintains that the trial lacked statutory jurisdiction to appoint a commissioner to conduct the sale pursuant to article VI, section 14, of the 1970 Illinois Constitution. Section 14 provides, in pertinent part, that "[t]here shall be no fee officers in the judicial system." Ill. Const. 1970, art. VI, §14.

Petitioner cites *Factor v. Factor* (1975), 27 Ill. App. 3d 594, to support his proposition that it is jurisdictional error for the court to appoint a commissioner to conduct the sale in question. (*Factor*, 27 Ill. App. 3d at 597.) *Factor* was a post-dissolution of marriage proceeding which involved the direct appeal of a contested court order directing a commissioner to conduct the private judicial sale of marital property. The *Factor* court held that article VI, section 14, of the 1970 Illinois Constitution prohibits the appointment of a commissioner for the purpose of selling real estate. *Factor*, 27 Ill. App. 3d at 597.

Petitioner asserts, pursuant to *Factor*, that the sale was void because the trial court lacked statutory authority to appoint a commissioner. However, even if the trial court lacked statutory authority to appoint a commissioner, the error would not be jurisdictional. The error would result in a voidable judgment and would not, therefore, be the proper subject of a collateral attack. *Stark v. Stark* (1955), 7 Ill. App. 2d 442, 444; *Phillips v. O'Connell* (1947), 331 Ill. App. 511, 528-29.

The case at bar is analogous to the situation in *Phillips v. O'Connell* (1947), 331 Ill. App. 3d 511. In *Phillips*, a belated objection was made to the appointment of a special commissioner on the grounds that the trial court lacked statutory authority to refer chancery matters to a special commissioner. The appellate court held that the trial court properly had jurisdiction of the subject matter and the parties and that the improper reference resulted in a proceeding that

was voidable at most. We, therefore, find that the trial court did not err in finding that the appointment of a commissioner to take bids at the sale in question did not result in a void proceeding.

Further, the case at bar also involves the jurisdiction of the Federal bankruptcy court. The agreed bankruptcy order entered in Federal bankruptcy court provided for the appointment of a commissioner to conduct the sale by requiring entry of the agreed foreclosure order which provided for the appointment of a commissioner. Respondents are correct in their assertion that the agreed bankruptcy order supersedes the applicable State law regardless of any alleged impropriety of the sale by an appointed commissioner.

"The [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the rising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C.A. §105(a) (West Supp. 1989).

■ "Article I, section 8 of the United States Constitution provides that the Congress shall have power to establish uniform bankruptcy laws throughout the Nation. Any such laws promulgated by the Congress operate to suspend any state law in conflict with them. [Citations.]" (*Brown v. Buchanan* (E.D. Va. 1975), 419 F. Supp. 199, 201.) We, therefore, find that the appointment of the commissioner pursuant to the agreed bankruptcy order entered by the Federal bankruptcy court was valid even if the Illinois Constitution were to be construed so as to prohibit the appointment of the commissioner in these circumstances.

■ Finally, we will address vacation of the order confirming the sale pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). The trial court, after finding that the order of June 13, 1986, was not void, also concluded that petitioner did not meet the requirements of section 2—1401 to have the order vacated on equitable grounds. A section 2—1401 petition invokes the court's equitable power to vacate a judgment attended by unfair, unjust or unconscionable circumstances, and it is incumbent on the petitioner to show that his meritorious defense was diligently brought to the court's attention. *City of Chicago v. Central National Bank* (1985), 134 Ill. App. 3d 22, 25.

■ We are in agreement with the trial court that petitioner failed to diligently protect his alleged rights. Since the order was entered with petitioner's consent, the motion to vacate was not raised until

six months after its entry, and petitioner objected to confirmation of the sale on other grounds, we find that the trial court did not err in denying petitioner's petition to set aside the order confirming the sale and voiding the commissioner's appointment.

Petitioner also alleges that the commissioner's taking of the bids in the foreclosure sale prejudiced him because it dissuaded potential purchasers from participating in a sale which would later be declared void. This argument, however, assumed that petitioner's posture is legally correct. We find, to the contrary, that petitioner's argument is without merit and, therefore, petitioner was not prejudiced by the appointment of the commissioner.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

LINN and McMORROW, JJ., concur.