**In re Johnny Lee FITCH, Debtor.**

**Bankruptcy No. 89 B 00714.**

United States Bankruptcy Court, N.D. Illinois, E.D.

July 28, 1989.

Fisher & Fisher, Chicago, Ill., for movant/creditor.

Harry E. DeFourneau, Chicago, Ill., for debtor.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

At issue before this Court is the validity of a mortgage foreclosure sale conducted under the Illinois Mortgage Foreclosure Act, Illinois Revised Statutes, Chapter 110, Paragraph 15–1101 et seq. ("Illinois Act"). The issue arises in connection with the Chapter 13 case of Johnny Lee Fitch ("Debtor"). More specifically, it arises because of the motion to modify stay or dismiss ("Motion") brought by Mellon Financial Services ("Mellon"), the mortgagee on whose behalf the foreclosure sale in issue was conducted.

The foreclosure sale of Debtor's property was held within a minute or two after 9:00 a.m. on January 17, 1989. At 9:04 a.m., Debtor filed the instant Chapter 13 petition. Mellon asserts that once the sale took place, the realty was no longer property of the estate. The law is well-established that, under the Illinois Act, a mortgagor has a significant equity of redemption interest in the mortgaged property until the time of sale so that the property is included in the estate under Sec. 541, 11 U.S.C. 541. See *In re Josephs,* 93 B.R. 151 (N.D.Ill.) affirming, 85 B.R. 500 (Bankr.N. D.Ill.1988). The automatic stay under Sec. 362, 11 U.S.C. § 362, bars any action affecting the Debtor's interest from the time of filing. In this regard, *Josephs* held that the new Illinois Act changed the law for purposes of bankruptcy.

Once the foreclosure sale has taken place, however, at least arguably, the mortgagor's interest is extinguished so that there is nothing left to stay under Section

362. There is some doubt because the District Court *Josephs* opinion speaks in terms of the mortgagor's interest being extinguished upon the order confirming the sale, a point subsequent to the sale itself, (93 B.R. at 155) while the affirmed bankruptcy court opinion refers to the sale itself as the pivotal act. (85 B.R. at 506). Nevertheless this Court assumes, solely for purposes of this opinion, that the extinguishment takes place at the point of sale.

Section 15–1507(b) of the Illinois Act allows a foreclosure sale to be conducted by "any judge or sheriff". Sec. 15–1506(f)(3) adds the power for the appointment of an official or other person to conduct the sale. In the Cook County Circuit Court, the uniform practice is for the sheriff to conduct the sale (or any one of his deputies, as authorized under Illinois Revised Statutes, Chapter 125, Section 12, treating the act of a deputy as the act of the sheriff).

While, arguably, a judge, through a judicial commissioner, could also conduct the sale, the Illinois courts have construed the Illinois Constitution as prohibiting a judicial commissioner from conducting the sale. See Illinois Revised Statutes, 1970 Constitution, Art. VI Section 14; *Factor v. Factor,* 27 Ill.App.3d 594, 327 N.E.2d 396 (1975).[1] See also *Trustees of Central States v. Jackson, et al.,* 185 Ill.App.3d 734, 134 Ill.Dec. 30, 542 N.E.2d 30 Illinois Appellate Court, 4th Division (bankruptcy court could order foreclosure sale by commissioner).

The Cook County Sheriff's Department charges $600 to conduct a foreclosure sale. Mortgagees have avoided the $600 payment in diversity cases by bringing the foreclosure action in federal court under its diversity jurisdiction. 28 U.S.C. § 1332. Under the doctrine of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the District Court must apply Illinois law to its diversity foreclosures. *See, e.g., In re Daniels,* 102 B.R. 680 (N.D.Ill.1989); *Cumberland Federal*

---

1. An independent source for the federal court's appointment of a receiver is somewhat ambiguous.

*Savings v. Rangel,* 1988 WL 116838, 1988 U.S.Dist.Lexis 11953 (N.D.Ill.1988).

In this case the foreclosure sale was held under an order entered by Judge Duff of the District Court. Judge Duff appointed a judicial commissioner, Mr. Robert E. Senechalle, Jr., to conduct the sale. The problem was that Mr. Senechalle had other engagements on this fateful January 17, 1989, and asked his partner, Mr. Stephen R. Murray, to conduct the sale in his stead. Mr. Murray, however, was not named in Judge Duff's Order. That Order specifically named Mr. Senechalle and did not authorize anyone else.

The issue is whether a surrogate or agent of a commissioner may conduct and finalize a sale. This court notes that Section 15–1509 of the Illinois Act directs that a deed be issued to the purchaser at a foreclosure sale only at the behest of either the court, the person who conducted the sale, such person's successor or "some persons specifically appointed by the court for that purpose". This court reads this language as *in pari materia* with the language in Section 15–1507 dealing with the persons authorized to conduct the sale.

Reading both provisions in tandem, this court is constrained to conclude that the intent of the Illinois Legislature was to restrict, not expand, the class of persons who could conduct a judicial sale. The Legislature was aware of the Illinois Constitutional provision and its construction by the Illinois courts. It therefore must have intended that, to whatever extent a commissioner may be used to conduct a foreclosure sale, that commissioner must be one specifically appointed by the court. It would be stretching the statutory language beyond recognition to hold that a partner in the appointed commissioner's law firm, who himself was not appointed, could validly conduct the sale.

Furthermore, even absent the legislative intent Judge Duff's order clearly appointed only one commissioner. That commissioner could not delegate his authority under the Court order.

This court therefore holds that the foreclosure sale conducted on behalf of Mellon on January 17, 1989 was not valid under the Illinois Act or the court order. It thus did not extinguish the Debtor's interest in the subject property as mortgagor. Accordingly, this court has denied Mellon's Motion.