**In re Alvin Byron and Lori Ann CLARK, Debtors.**

**Bankruptcy No. 91 B 06150.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 28, 1991.

David J. Chroust, Drendel, Schanlaber, Horwitz, Tatnall & McCracken, Aurora, Ill., for Champion.

John Ruddy, Edward Varga, Truemper, Hollingworth, Wojtecki, Courtin & Ruddy, Aurora, Ill., for debtor.

Craig Phelps, Standing Trustee, Chicago, Ill., for Estate.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The Debtors' house is encumbered by a mortgage held by Champion Federal Savings and Loan. The Debtors have not been making their mortgage payments and therefore Champion has a claim for the amount in arrears, in addition to the remaining mortgage principal balance.

The Debtors' Chapter 13 plan would pay the mortgage balance by maintaining their mortgage under its original terms. To pay the arrearage, the Debtors want the Court to reduce Champion's total secured claim to the current value of the house. The cur-

rent value of the house is less than Champion's total claim (arrearage, plus mortgage balance), but exceeds the outstanding mortgage principal. The Debtors seek to divide the arrearage claim into two parts. Arrearage covered by the lien, equalling the difference between the value of the house and the outstanding mortgage principal, would be a secured claim. The remaining arrearage, equalling the part of the claim that is greater than the value of the house, would be an unsecured claim. The Debtors' plan would pay unsecured creditors 10% of their claims. The Debtors thus hope to keep their mortgage as is, and pay off a substantial percentage of their arrearage debt at 10 cents on the dollar. Champion objects to the confirmation of the Debtors' plan.

■ The Court will not confirm the Debtors' plan. Under 11 U.S.C. § 1322(b)(5), in order to maintain a mortgage in which the final payment will occur after the final payment under the bankruptcy plan, the debtor must cure any defaults. The Court holds that the Debtors' proposal to pay only 10% of the default above the value of the house does not amount to a cure of the default.

## I. FINDINGS OF FACTS

Alvin and Lori Clark, the Debtors, filed a joint voluntary petition under Chapter 13 of the United States Bankruptcy Code to prevent a foreclosure on their house by the mortgagee, Champion. Champion filed a proof of claim for the principal sum of $39,725.87; and an arrearage claim, consisting of delinquent principal and interest, attorneys' fees, court costs and late charges, of $6,725.05 for total claims of $46,450.92.

The Debtors allege (and Champion does not deny) that the value of the property is now $40,000. The Debtors ask this Court to use 11 U.S.C. § 506 to "strip-down" or bifurcate Champion's total claim to a $40,000 secured claim and a $6,450.92 unsecured claim.[1] The Debtors propose in their

---

**1.** Section 506 provides:
 (a) An allowed claim of a creditor secured by a lien on property in which the estate has an

interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an

amended plan to deal with the arrearage by paying $274.13 (the difference between $40,000 and $39,725.87) as a secured claim, and paying 10% of the remaining $6,450.92 arrearage as an unsecured claim. Debtors then propose to pay off the $39,725.87 mortgage over the original life of the mortgage.

## II. CONCLUSIONS OF LAW

■ Section 1322(b)(5)[2] is the provision that empowers Chapter 13 debtors to save their homes from foreclosure, even when they have no defenses to foreclosure under non-bankruptcy law. Section 1322(b)(5) deals with debts that, by their terms, would not be fully payable until after the date of the last payment under the plan (typically three to five years), disregarding any acceleration of the due-date by reason of default. This section is applicable to long-term home mortgages like the one involved here. Under section 1322(b)(5), a debtor may cure any mortgage default within a reasonable time and de-accelerate the date a payment is due under a note secured by a residential property mortgage. *Matter of Clark*, 738 F.2d 869, 874 (7th Cir.1984). Having thus reinstated the mortgage, the debtors may then pay it over time according to its terms. Since this will not occur until after the plan is completed, the mortgage debt is not discharged. 11 U.S.C. § 1328(a)(1). The debtor may use section 1322(b)(5) to reinstate a mortgage even after a foreclosure judgment has been entered in state court. *In re Josephs*, 93 B.R. 151, 154 (N.D.Ill.1988). Thus, the Bankruptcy Code provides the

debtor with the option to keep his mortgage with its original terms, notwithstanding any acceleration clauses the mortgagee may have invoked, as long as the debtor cures the default.

■ But the condition to the exercise of the debtor's right to reinstate a mortgage is that the debtor cure any default. Here the Debtors propose to actually pay a total of $919.22 of the $6,725.05 in arrearage they owe to Champion. This does not constitute a cure of the default under section 1322(b)(5). The plain meaning of "cure" as used in section 1322(b)(5) is to remedy or rectify the default and restore matters to the *status quo ante*. *Clark*, 738 F.2d at 872. Only a payment of the arrearage in full would do that. Even if the Debtors could strip-down the claim, they must pay the complete arrearage, or else the default would not be cured. If the Debtors' plan would not cure the default by paying it in full within a reasonable time, they cannot avail themselves of section 1322(b)(5) to keep their old mortgage. In accord, *In re Cole*, 122 B.R. 943, 948–951 (Bkrtcy.E.D.Pa.1991).

Since this plan would not cure the default under Champion's mortgage, it is not in accordance with section 1322(b)(5) and confirmation of the plan is therefore denied.

unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim ...
(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void....
Bankruptcy courts disagree about whether a strip-down under section 506(a) and (d) is permissible in a case like this one in view of section 1322(b)(2)'s prohibition of modification of the rights of residential mortgagees. *Cf., Goins v. Diamond Mtge. Corp.*, 119 B.R. 156, 158

(Bkrtcy.N.D.Ill.1990), with *In re Etchin*, 128 B.R. 662 (Bkrtcy.W.D.Wis.1991).

**2.** Section 1322(b)(5) provides:
Subject to subsection (a) and (c) of this section, the plan may— (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due ...