**JOHN HANCOCK MUTUAL LIFE IN-SURANCE COMPANY, Plaintiff,**

v.

**CENTRAL NATIONAL BANK IN CHICAGO, et al., Defendants.**

No. 82 C 6538.

United States District Court, N.D. Illinois, E.D.

Feb. 8, 1983.

James A. Winkler, Robert K. Olendzki, Wilson & McIlvaine, Chicago, Ill., for plaintiff.

James C. Munson, Steven J. Harper, Kirkland & Ellis, Howard L. Adelman, Chicago, Ill., Schwartz, Cooper, Kolb & Gaynor Chtd., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This mortgage foreclosure action has been filed here on claimed diversity of citizenship grounds under 28 U.S.C. § 1332(a)(1). But responsive to the requirements of Illinois law for a binding foreclosure decree,[1] plaintiff has named "unknown owners and non-record claimants" as parties defendant, contemplating notice to them by publication in accordance with statute.[2] That joinder of "unknown owners and non-record claimants" poses subject matter jurisdictional problems this Court must raise and deal with sua sponte.

Defendants whose precise identities are unknown are often recognized in the federal court system. One recurring situation is the alleged police brutality case in which the plaintiff knows a policeman was involved but can ascertain his identity only through discovery. Such "John Doe" defendant situations of course pose no problem under federal-question jurisdiction (in the hypothetical example, under 42 U.S.C. § 1983), and their diversity jurisdiction counterparts (though less frequently encountered) are not necessarily problematic either. Even though a plaintiff must both

---

1. Ill.Rev.Stat. ch. 110, §§ 15–103(b), 15–105, 15–106 (citations to the new Illinois Code of Civil Procedure will hereafter simply be, e.g., "Section 15–106").

2. Section 15–106.

*plead* and *prove* diversity,[3] so long as that can be done in good conscience the plaintiff remains in the federal court.[4]

Here, however, by definition plaintiff cannot satisfy the requirement of pleading and proving diversity. It is tautological to say plaintiff cannot demonstrate "unknown owners and non-record claimants" are citizens of a state other than plaintiff's. *Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1191 (9th Cir.1970) (a mortgage foreclosure case posing related problems, relying on and following *Molnar v. NBC*, 231 F.2d 684, 686–87 (9th Cir. 1956)).

Accordingly this Court lacks subject matter jurisdiction over this action. It is therefore dismissed sua sponte.[5]

---

**3.** 14 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3642, at 123–25; 2A *Moore's Federal Practice* ¶ 8.10, at 8–74 to 8–75.

**4.** See, *e.g., Ward v. Connor,* 495 F.Supp. 434, 438–39 (E.D.Va.1980).

**5.** This opinion need not decide whether a foreclosure complaint in different form, omitting "unknown owners and non-record claimants," could survive. If plaintiff in such a situation would nonetheless proceed with a publication under Section 15–106 (as prudent lawyering

and title insurance company requirements would no doubt compel), Section 15–105 would give the foreclosure judgment and sale the same conclusive effect "as if each of them [the unknown owners and non-record claimants] had been made a party to the action by name...." On the face of it, such a procedure and its legal consequences might well call Fed. R.Civ.P. 19 into play to block the possibility of thus thwarting the diversity jurisdiction limitations. That question however remains for another day.