**JOHN HANCOCK REALTY DEVELOP-MENT CORPORATION, a Delaware corporation, Plaintiff,**

v.

**Stanley J. HARTE; Ann B. Harte; 63 Associates, Inc., an Illinois corporation; and Unknown Owners and Non-Record Claimants, Defendants.**

No. 82 C 7333.

United States District Court,
N.D. Illinois, E.D.

July 28, 1983.

John D. Lien, Robert K. Olendzki, Wilson & McIlvaine, Chicago, Ill., for plaintiff.

Joe A. Sutherland, Michael J. Koenigsknecht, Kenneth C. Dunn, Gardner, Carton & Douglas, Chicago, Ill., for defendants.

MEMORANDUM

LEIGHTON, District Judge.

This is a mortgage foreclosure action by John Hancock Realty Development Corporation, a Delaware corporation with its principal place of business in Boston, Massachusetts. Defendants are Stanley and Ann Harte, residents and citizens of Florida, 63 Associates, Inc., an Illinois corporation with its principal place of business in New York, and unknown owners and non-record claimants. Jurisdiction is based on 28 U.S.C. § 1332. The cause is before the court on the motion of defendant Harte to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P. Harte contends that plaintiff has not, and in fact cannot, adequately allege the citizenship of defendant unknown owners and non-record claimants. He further argues that this inability to plead or prove that all of the defendants are of citizenship diverse from plaintiff's divests the court of jurisdiction over this action.

In support of his motion, defendant relies on decisions written recently by Judge Shadur and Judge Marshall of this court, *John Hancock Mutual Life Insurance Co. v. Central National Bank,* 555 F.Supp. 1026 (N.D. Ill.1983) and *General Electric Credit Corp. v. American National Bank and Trust Co.* 562 F.Supp. 456 (N.D.Ill.1983). The court, after careful consideration of the parties' submissions and the relevant law, declines to follow its brother judges and concludes that the unknown owners and non-record claimants are nominal parties whose citizenship does not affect the court's jurisdiction.[1] Accordingly, the motion to dismiss is denied.

Under 28 U.S.C. § 1332(a)(1), federal courts have jurisdiction over controversies between citizens of different states. It is well settled that in determining whether jurisdiction under Section 1332 has been established, a court must look only to the

---

1. Neither Judge Shadur or Judge Marshall addressed the question of whether the unknown owners and nonrecord claimants were nominal or substantial parties in their opinions. In *John Hancock Mutual Life,* Judge Shadur ruled sua sponte in a brief order. In *General Electric Credit Corp.,* Judge Marshall dealt primarily with Rule 19, Fed.R.Civ.P. and the question of whether the unknown owners and non-record claimants were necessary parties.

citizenship of "real and substantial parties"; the citizenship of nominal or formal parties is disregarded for purposes of determining diversity. *Navarro Savings Association v. Lee,* 446 U.S. 458, 460–461, 100 S.Ct. 1779, 1781–1782, 64 L.Ed.2d 425 (1980); *Wormley v. Wormley,* 21 U.S. (8 Wheat.) 421, 450, 5 L.Ed. 651 (1832). Harte argues that unknown owners and non-record claimants are substantial parties because if any such persons exist they may have an interest in the property at issue which will be affected by a judgment of foreclosure. This court cannot agree.

The fault in defendant's argument is that it is based on potentialities that have not happened and may not ever happen. Defendant has not claimed that any unknown owners or non-record claimants with a possible interest in the subject property exist; nor has he proffered any evidence to the court showing that there are such individuals. Plaintiff has published notice of this action in the manner provided by Illinois law, Ill.Rev.Stat. ch. 110, § 15–106; however, no one has stepped forward to make a claim on the subject property. Any interest in the property held by an unknown owner or non-record claimant cannot be held to be real and substantial until such individual is known to exist and comes forward to make a claim. To hold otherwise would be to engage in speculation and conjecture. The alleged unknown owners and non-record claimants were named as defendants in order to ensure a binding foreclosure decree; there is no indication that any such individuals exist and no claims other than plaintiff's have been made against the property. Under these circumstances, the court concludes that the unknown owners and non-record claimants are nominal parties with no substantial interest in the controversy. Accordingly, the absence of any allegation as to the citizenship of these defendants will not defeat this court's jurisdiction.

In closing, the court notes that it is sympathetic to the concerns expressed by defendant in his reply memorandum in support of his motion to dismiss, regarding the propriety of bringing a mortgage foreclosure action, which is local in nature, in federal court. However, the policy considerations raised by defendant cannot be used to close off a federal forum for actions such as this one, for which federal jurisdiction has been provided by Congress. For these reasons, the motion to dismiss is denied.

So ordered.