**Cecelia WOLFF, Plaintiff,**

v.

**A.H. ROBINS COMPANY, INC., et al., Defendants.**

**No. 85 C 07028.**

United States District Court,
N.D. Illinois, E.D.

Aug. 12, 1985.

Abraham Goldman, John R. Wylie, Abraham Goldman & Associates, Ltd., Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Cecelia Wolff ("Wolff") sues A.H. Robins Company, Inc. ("Robins"), two of its principal shareholders and several other defendants under a number of theories, claiming damages from the use of Robins' Dalkon Shield intrauterine contraceptive device. Because Wolff's Complaint does not establish the complete diversity of citizenship necessary for federal jurisdiction, this Court dismisses the Complaint sua sponte.

Wolff's counsel has introduced several apparently inadvertent flaws into the Complaint:

1. Complaint ¶ 4 refers to the residence but *not* the state of citizenship of defendant Dr. Hugh Davis.

2. Complaint ¶ 6 refers to the St. Margaret Hospital as "located in Hammond, Indiana" (which may be read broadly as, though it does not speak specifically of, its principal place of business), but it does *not* identify the Hospital's place of incorporation.

3. Two named defendant doctors and two "John Doe" defendant doctors are not identified in citizenship terms at all.

4. Three "John Doe" defendant nurses are also not identified in citizenship terms.

All those omissions are odd, given the Complaint's proper care in identifying the citizenship of Wolff, Robins and its two shareholder defendants. But oddity aside, the Complaint's flaws are fatal.

Those pleading defects deprive this Court of independent subject matter jurisdiction over this action, for federal courts can deal with cases only as Congress specifies (see 28 U.S.C. § 1332(a) and (c) ) and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 85 & n. 96, 87 & n. 99, and cases cited in both notes (1969 ed. and 1985 pocket part); 13 B *id.* § 3611, at 516–18 & nn. 27–29, § 3624, at 610 & n. 20, and cases cited in all those notes (1984 ed. and 1985 pocket part).

Moreover the special problems posed by the John Doe defendants compound the error. Here the Doe defendants are real people whose identity is simply not yet known to Wolff—not hypothetical people who may or may not exist—and that independently defeats diversity. See *Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1191 (9th Cir. 1970); *John Hancock Mutual Life Insurance Co. v. Central National Bank in Chicago*, 555 F.Supp. 1026 (N.D.Ill.1983).

Accordingly the Complaint is dismissed for lack of subject matter jurisdiction, subject to Wolff's possible filing of a proper amended complaint to cure the jurisdictional defects on or before August 23, 1985 (see 28 U.S.C. § 1653). By definition this dismissal is also without prejudice to Wolff's possible filing of this action in a state court of competent jurisdiction.