### BANCBOSTON MORTGAGE CORPORATION, Plaintiff,

v.

### Daniel J. PIERONI, Sr. and Mary Ann Pieroni, Defendants.

### No. 91 C 2320.

United States District Court, N.D. Illinois, E.D.

April 23, 1991.

Rosemary Kopriva, Richard Aronow, Jayne N. Mozal, Blane Olmos, Shapiro & Kreisman, Deerfield, Ill., for plaintiff.

MEMORANDUM ORDER

SHADUR, District Judge.

Bancboston Mortgage Corporation ("Bancboston") has just filed this mortgage foreclosure action against mortgagors Daniel J. Pieroni, Sr. and Mary Ann Pieroni without naming any other defendants—even "unknown owners and non-record claimants." Bancboston invokes federal jurisdiction under 28 U.S.C. § 1332, predicated on the asserted diversity of citizenship and the requisite more–than–$50,000 amount in controversy. Based on its initial review of Bancboston's Complaint,[1] this Court determines that at least in' facial terms there is no need to consider this action's dismissal for any potential lack of subject matter jurisdiction.

This District Court is one of the few—perhaps the only one—in the federal system whose case filings include a substantial component of mortgage foreclosure litigation (based of course on diversity of citizenship and the requisite amount in controversy). This Court's understanding of the

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

    The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

reason for that phenomenon has been that the prevalence of federal filings is directly attributable to the difference in the mortgage foreclosure fees payable in state court foreclosures and the fees payable in sales under the aegis of this District Court.[2]

In at least one respect the traditional Illinois mortgage foreclosure does not fit comfortably into the limited federal subject matter jurisdiction requirement of diversity of citizenship. To provide the purchaser at the mortgage foreclosure sale with marketable title, the uniform state practice has always been to name as defendants not only those persons that are known to have interests junior to that of the mortgagee but also "unknown owners and non-record claimants." That practice led this Court in *John Hancock Mutual Life Insurance Co. v. Central National Bank in Chicago*, 555 F.Supp. 1026 (N.D.Ill.1983) to decide that joinder of such unidentified parties (whose citizenship was unknown by definition) would destroy federal jurisdiction.[3] Just a bit later that same year, this Court's colleague Honorable Prentice Marshall reached the same conclusion in a thoughtful opinion dealing with a variant of that problem: *General Electric Credit Corp. v. American National Bank & Trust Co. of Chicago*, 562 F.Supp. 456 (N.D.Ill.1983) (which should be read in full for its impeccable treatment of the subject matter).

Even later during that same year another of this Court's then colleagues, Honorable George Leighton, disagreed with the conclusions reached by this Court and Judge Marshall—choosing instead the view that "unknown owners and non-record claimants are nominal parties whose citizenship does not affect the court's jurisdiction" (*John Hancock Realty Development Corp. v. Harte*, 568 F.Supp. 515 (N.D.Ill. 1983)). This Court has not found that distinction well founded, and it has continued to apply the analysis exemplified by its own *John Hancock* decision and by Judge Marshall's *General Electric Credit* decision. Nonetheless any dismissals by this Court of foreclosure actions for lack of subject matter jurisdiction have become almost unknown, because (as in *General Electric Credit* and in the current case) mortgagees' counsel have since ceased the practice

**2.** In any foreclosure followed by a redemption by the mortgagor or any other junior party, the mortgagee recaptures the costs of sale. That is also true if a third party bids in at the foreclosure sale at a high enough price. But in the most frequent situation, where the mortgagee itself is the buyer at the sale by bidding up to the amount of its lien, its loss is increased by its having to swallow any higher costs of sale. Foreclosure sales in Illinois may be conducted only by a judge or sheriff (Ill.Rev.Stat. ch. 110, ¶ 15–1507(b)), and the former alternative has been held to forbid sales through an appointed commissioner charging a fee, as violative of the Illinois Constitution (*Factor v. Factor*, 27 Ill. App.3d 594, 597, 327 N.E.2d 396, 399 (1st Dist. 1975)). Hence in the state court practice the sheriff is normally the designated auctioneer— and a high-priced one. For example, under the recently-enacted Illinois Counties Code that took effect on January 1, 1990, a sheriff is entitled to receive, in addition to several miscellaneous small fees related to the foreclosure sale, the sum of $600 for conducting the sale itself (Ill.Rev.Stat. ch. 34, ¶¶ 4–5001 or 4–12001). By way of contrast, federal courts are not subject to the same constraint that is imposed by the judicial article of the Illinois Constitution and construed in *Factor*, and the regular practice in federally-filed mortgage foreclosures is to appoint a special commissioner to conduct the sale (see the discussion in *In re Fitch*, 102 B.R. 139 (Bankr.N.D.Ill. (1989)), citing relevant cases and Ill.Rev.Stat. ch. 110, ¶ 15–1506(f)(3)). This Court (and it is believed most if not all of its colleagues) allows such special commissioners a fee of just $200 for Cook County sales and $300 for sales in which the special commissioner must travel to one of the other counties making up the Northern District of Illinois, Eastern Division. It is that market factor—the comparative bargain of the federal court foreclosure— that has created a cottage industry in which Illinois mortgages are either written by non-Illinois corporations with non-Illinois principal places of business or are ultimately acquired by such corporations, which can then sue in federal court via diversity of citizenship.

**3.** That notion was not of course original with this Court. *John Hancock* followed the lead of the Ninth Circuit in *Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1191 (9th Cir.1970). That case was the forerunner of a good deal of Ninth Circuit jurisprudence dealing with the California practice of naming "Doe" defendants in all kinds of actions—a practice chronicled elsewhere in opinions by this Court (and one that in the context of removal jurisprudence, though not in original federal filings, ultimately led to a legislative change—see the last sentence of 28 U.S.C. § 1441(a)).

of either joining "unknown owners and non-record claimants" as defendants or seeking to bind those parties by publication (a subject discussed at some length by Judge Marshall and expanded upon in this opinion).

Now another of this Court's colleagues, Honorable Charles Norgle, has issued a recent memorandum order in *Home Savings of America, F.A. v. American National Bank & Trust Company of Chicago*, 762 F.Supp. 240 (N.D.Ill.1991), expressing his agreement with the analysis employed by this Court and Judge Marshall and his disagreement with Judge Leighton's reasoning.[4] This Court of course continues to agree with that result, but it finds itself troubled by one possible implication—though perhaps unintended—of Judge Norgle's *Home Savings* opinion. Because subject matter jurisdiction is nonwaivable and must therefore be addressed at the outset of any newly-filed action,[5] this opinion is being issued sua sponte in this new foreclosure suit.

No mortgagee can evade the thrust of this Court's *John Hancock* case and Judge Marshall's *General Electric Credit* opinion by the end-run device of not *naming* "unknown owners and non-record claimants" as defendants, while at the same time seeking to bind them by filing an appropriate affidavit and proceeding via publication as permitted by Ill.Rev.Stat. ch. 110, ¶¶ 2–413 and 15–105 as to pre-July 1, 1987 mortgages (see *id.* ¶ 15–1106(f)) and 15–1502 as to later mortgages. But any mortgagee clearly remains free to eschew any binding determination of the rights and interests of any unknown owners and non-record claimants by pursuing neither of those avenues. That does not differ in concept or effect

from a situation in which a mortgagee, though inadvertence or otherwise, does not join as a party defendant any *known* or *knowable* claimant (a junior lienholder, a tenant or anyone else), in which event the purchaser at the foreclosure sale ends up with title encumbered by the rights of any such non-joined claimants.[6] And that result is not altered in legal terms if, for example, a mortgagee is successful in persuading a title insurer to provide insurance coverage to the purchaser at the foreclosure sale despite the mortgagee's deliberate omission, from the named defendants in the proceedings, of the truly unknown risks—the "unknown owners and non-record claimants."[7]

Thus this Court remains of the same view that it originally expressed in its *John Hancock* opinion. And it does not view any aspects of Judge Norgle's recent *Home Savings* opinion as threatening this Court's subject matter jurisdiction in cases such as this one. Although "unknown owners and non-record claimants must be considered to be more than nominal parties" (*Home Savings*, 762 F.Supp. at 242) where they are either named as parties or are sought to be bound by publication, and although this Court therefore continues to disagree with Judge Leighton's treatment of the issue, federal subject matter jurisdiction remains where neither of those things is true. This action therefore remains pending.

---

**4.** According to Judge Norgle, an unpublished opinion by Honorable James Parsons has come out the same way, while another unpublished opinion by Honorable Charles Kocoras has held otherwise.

**5.** See n. 1.

**6.** Ill.Rev.Stat. ch. 110, ¶ 15–1501 makes it plain that no such claimant is a *necessary* party, but that the interest of any such nonjoined claimant in the real estate survives the foreclosure sale. And Judge Marshall's *General Electric Credit*

opinion, 562 F.Supp. at 463 makes it equally plain that the joinder of unknown owners and non-record claimants is not necessary under Fed.R.Civ.P. 19(a).

**7.** Any contractual arrangement with the title insurer to obtain such coverage, whether with or without some indemnity undertaking, would not affect the complete diversity of citizenship that exists as between the actual parties to the litigation. See, relatedly, *General Electric Credit*, 562 F.Supp. at nn. 7 & 8.