**HOME SAVINGS OF AMERICA, F.A., Plaintiff,**

v.

**AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee under Trust Agreement dated August 1, 1984 and known as Trust No. 61569, and Inland Real Estate Corporation, an Illinois corporation, Defendants.**

No. 91 C 1543.

United States District Court,
N.D. Illinois, E.D.

April 23, 1991.

R. Douglas Rees, Patricia Lee Refo, Jenner & Block, Chicago, Ill., for plaintiff.

AMENDED ORDER *

NORGLE, District Judge.

Before the court is the motion of defendants American National Bank and Trust Company ("American") and Inland Real Estate Corporation ("Inland") to dismiss the complaint of Home Savings of America, F.A. ("Home Savings") for lack of subject matter jurisdiction. For the following reasons, the motion to dismiss is granted.

Home Savings brings this complaint for foreclosure pursuant to Ill.Rev.Stat. ch. 110, ¶¶ 15–1101 *et seq.* (1989). Complaint, p. 2, par. 6. Jurisdiction in this court is founded upon diversity, 28 U.S.C. § 1332. Complaint, p. 2, par. 4.

▮ Initially, the court begins by noting that "federal courts are courts of limited jurisdiction," and this court can only obtain jurisdiction over certain classes of cases as set out by Congress.[1] *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 593 (7th Cir.1990). Congress has decided that, in cases which do not raise a federal question, diversity of parties as well as a jurisdictional amount must be present. 28 U.S.C. § 1332.

28 U.S.C. § 1332 states, in pertinent part;
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

---

* This order is intended to supersede the order issued by this court on April 12, 1991.

1. Indeed, the recent increase in the amount in controversy requirement for diversity jurisdic-

tion is evidence of a Congressional intent to further limit the class of cases over which this court has jurisdiction.

Diversity of citizenship is satisfied only if there is complete diversity between the plaintiffs and the defendants. *Northern Trust*, 899 F.2d at 594 (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)). For the purposes of diversity, the relevant citizenship is that of the "real and substantial parties to the controversy." *Northern Trust*, 899 F.2d at 594 (*citing Navarro Savings Association v. Lee*, 446 U.S. 458, 460, 100 S.Ct. 1779, 1781, 64 L.Ed.2d 425 (1980)).

In the instant case, the plaintiff has joined as defendants in this foreclosure action both "unknown owners" and "nonrecord claimants." Complaint, p. 2, par. 6(c), (d). Plaintiff apparently names such unknown owners and nonrecord claimants in the complaint as permissible parties under Ill.Rev.Stat., ch. 110, para. 15–1501(b), for the purpose of adjudicating the interest in the property of any unknown owners and nonrecord claimants. *See* Ill.Rev.Stat., ch. 110, para. 15–1501(a). The defendants argue that, since plaintiff has named unknown owners and nonrecord claimants as defendants in this action but cannot allege the citizenship of such parties, the application of diversity jurisdiction is improper and renders this court without subject matter jurisdiction.

Although the Seventh Circuit has not ruled on this issue, a number of district court cases have. In those cases which have directly addressed this issue, the majority have held that the naming of unknown owners and nonrecord claimants as defendants destroys diversity jurisdiction. *Metropolitan Life Insurance Co. v. La-* *Salle National Bank*, No. 89 C 8203, 1990 WL 71301 (N.D.Ill. April 30, 1990); *Ozark Financial Corp. v. Faletti*, No. 85 C 9849 (N.D.Ill. November 29, 1985); *Government Employees Corporation v. Buggs*, No. 85 C 6774, 1985 WL 2237 (N.D.Ill. August 1, 1985); *John Hancock Mutual Life Ins. Co. v. Central National Bank*, 555 F.Supp. 1026 (N.D.Ill.1983).

The first case in this district which decided this issue is *John Hancock Mutual Life Ins. Co. v. Central National Bank*, 555 F.Supp. 1026 (N.D.Ill.1983). In that opinion, Judge Shadur, in holding that the naming of unknown owners and nonrecord claimants destroyed diversity, stated "[i]t is tautological to say that plaintiff cannot demonstrate 'unknown owners and nonrecord claimants' are citizens of a state other than plaintiff's." *Hancock*, 555 F.Supp. at 1027.[2]

Since that time, a number of cases, relying on Judge Shadur's opinion, have held likewise. For example, Judge Parsons, in *Metropolitan Life Insurance Co. v. La-Salle National Bank*, No. 89 C 8203 (N.D. Ill. April 30, 1990), apparently followed the reasoning of Judge Shadur, and allowed the plaintiff to amend the complaint to delete the unknown owners and nonrecord claimants and keep the case in this court.[3]

Home Savings relies primarily on the case of *John Hancock Realty Development Corp. v. Harte*, 568 F.Supp. 515 (N.D.Ill.1983) to argue that unknown owners and nonparty claimants are nominal defendants whose citizenship is not considered for the purposes of diversity.[4] In

---

**2.** The court notes that, in footnote 5 of his opinion, Judge Shadur raised the question of whether the deletion of unknown owners and nonrecord claimants from the complaint, while giving notice to them by publication, resolved the jurisdictional deficiency. Judge Marshall, in *General Electric Credit Corp. v. American National Bank & Trust Co.*, 562 F.Supp. 456 (N.D.Ill.1983), dealt with this issue. Judge Marshall held that, even when unknown owners and nonrecord claimants are deleted from the complaint, the requirements of joinder under Fed.R. Civ.P. 19(a) would bar a suit which sought to adjudicate the rights of such unknown owners and nonrecord claimants. *General Electric*, 562 F.Supp. at 463. This issue will be addressed in greater detail later in this opinion.

**3.** In light of the concerns related to joinder raised by Judge Shadur and Judge Marshall, and discussed in the preceding footnote, the court questions whether such an alternative is permissible under the federal rules.

**4.** Plaintiff also cites to various cases in support of its argument that this court has routinely heard cases involving mortgage foreclosures and unknown parties. However, a cursory examination reveals that this issue was never raised in those cases. Plaintiff also relies upon an opinion by Judge Kocoras, *J.I.K. Realty Co. v. Steward*, No. 87 C 2839, 1989 WL 165114 (N.D. Ill. December 28, 1989), in an attempt to refute Judge Shadur's reasoning. However, Judge Ko-

that case, Judge Leighton considered unknown owners and nonparty claimants as "nominal" defendants, reasoning that the existence of unknown owners and nonrecord claimants was mere speculation and conjecture and that any interest an unknown owner or nonrecord claimant had in a particular property was not real until such an individual stepped forward to claim it. *Harte*, 568 F.Supp. at 516.

 After careful review of both these cases and others relying upon them, the court concludes that unknown owners and nonrecord claimants are more than "nominal" defendants and must be considered for the purpose of diversity jurisdiction. It is clear that their addition to a complaint is more than a mere "speculation." Under Illinois law, unknown owners and nonrecord claimants are permissive parties, as opposed to necessary parties. Ill.Rev.Stat., ch. 110, ¶ 15–1501. Nevertheless, the court has the power to adjudicate the rights even of unknown owners and nonrecord claimants who are permissibly joined to the action.[5] If these unknown owners and nonrecord are not joined, the court's ruling will not be binding on them and any disposition of the mortgaged real estate will be subject to their interests. Ill.Rev.Stat., ch. 110, para. 15–1501(a). Therefore, in order to adjudicate the rights of all claimants, permissible or otherwise, the law permits, without limitation, the joinder of unknown owners and nonrecord claimants. Ill.Rev. Stat., ch. 110, para. 15–1501(b). Because the court has the power to make a binding decision as to their rights, unknown owners and nonrecord claimants must be con-

sidered to be more than nominal parties.[6] *See* Ill.Rev.Stat., ch. 110, ¶ 15–1501(a), (b).

Moreover, Judge Marshall notes that the existence of unknown owners and nonrecord claimants is not entirely speculative, and that some claimants, such as the judgment creditor of a mortgagor, have a right to redeem the property after a foreclosure sale. *General Electric*, 562 F.Supp. at 457, n. 2. This observation is especially appropriate in this case, which deals with real estate mortgaged at $3,100,000.00. Complaint, Exhibit A, p. 2. The existence of unknown third party claimants is more likely in this case than in the ordinary case of a simple residential foreclosure.[7] Plaintiff argues that the unknown owners and nonrecord claimants are merely nominal because it does not seek any remedy as to these defendants specifically. Plaintiff's Response, p. 5. This argument is disingenuous and is indeed contradicted in plaintiff's own brief. In footnote 5, plaintiff admits that it is seeking the same remedy as to all the defendants, whether known or unknown—that remedy being a judgment of foreclosure and sale, an order appointing a receiver, and a judgment that the interest of the defendants in the property is subordinate to the interest of Home Savings. Plaintiff's Response, p. 5, n. 5. Plaintiff does not join these defendants purely as a matter of form. What plaintiff seeks is a binding adjudication that its interests are superior to any interest which the unknown owners or nonrecord claimants may have. Such an adjudication may hardly be described as nominal.

It is in this respect that the court believes that Judge Leighton's *Harte* opinion

coras' rejection of Judge Shadur's reasoning is cursory and unsupported by any reasoning or analysis.

**5.** It is for this reason that the statute provides for notice to unknown owners and nonrecord claimants by publication. *See* Ill.Rev.Stat., ch. 110, para. 15–1502(c)(2).

**6.** Indeed, the court notes that an unscrupulous "emparnour" may deliberately chose to forego naming known parties in a complaint, choosing instead to adjudicate their rights as nonrecord claimants, in order to fulfill the requirements of diversity jurisdiction.

**7.** The existence of unknown owners and nonrecord claimants is bolstered by the actions of plaintiff. On April 11, 1991, plaintiff filed an emergency motion for a temporary restraining order and preliminary injunction. Plaintiff alleges that defendants are on the verge of transferring the property into a sham corporation and then placing that entity into bankruptcy. If the defendants are indeed on the verge of bankruptcy, it is quite likely that a large number of creditors exist who may have an interest in the foreclosed property.

is flawed. In *Harte,* Judge Leighton held that "[a]ny interest in the property held by an unknown owner or nonrecord claimant cannot be held to be real and substantial until such individual is known to exist and comes forward to make a claim." *Harte,* 568 F.Supp. at 516. However, as noted by above, nonrecord claimants may enjoy substantive rights in a piece of mortgaged real estate, regardless of whether they are known or come forward. *See General Electric,* 562 F.Supp. at 457, n. 2. To consider these claimants as merely "nominal" wholly fails to recognize the interest these third parties may have in a mortgaged property.

Moreover, treatment of unknown owners and nonrecord claimants as "nominal" may well be violative of Fed.R.Civ.P. 19. As noted by Judge Shadur in *Hancock,* and extensively discussed by Judge Marshall in *General Electric,* rule 19 requires the joinder of parties who would be impaired in their ability to protect their interest by a disposition of a case in their absence. *General Electric,* 562 F.Supp. at 459. It is for this reason that Judge Marshall limited his holding in that case to a situation where the unknown owners and nonrecord claimants would not be bound by a disposition of a particular case. *General Electric,* 562 F.Supp. at 463.

Unlike the plaintiff in *General Electric,* plaintiff in this action seeks a binding determination of the rights and interest of unknown owners and nonrecord claimants. Interests such as the right of redemption are substantial and the determination that such interests are subordinate to a plaintiff's interest is anything but "nominal." Unknown owners and nonrecord claimants are real and substantial parties to a foreclosure action. Accordingly, the court holds that the citizenship of unknown owners and nonrecord claimants is relevant for a determination of diversity jurisdiction. The court notes that this holding does not mean that a state foreclosure action cannot be brought in federal court. Only where the plaintiff seeks a binding determination of the rights of unknown owners and non-

record claimants does rule 19 require their joinder. A plaintiff who chooses to forego a determination of the interest of such parties may well invoke the diversity jurisdiction of this court. As plaintiff cannot plead the citizenship of such parties in its complaint, the complaint is dismissed for lack of subject matter jurisdiction.[8] This dismissal is, of course, without prejudice to the filing of this action in a state court of proper jurisdiction.

IT IS SO ORDERED.

---

**8.** This decision necessarily renders plaintiff's motion for an appointment of a receiver moot.