**WELLS FARGO BANK, N.A., etc., Plaintiff,**

v.

**Kevin KELLEY, et al, Defendants.**

No. 07 C 465.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 26, 2007.

Richard M. Rosenbaum, Pierce & Associates, Chicago, IL, for Plaintiff.

John Scott Hoff, Law Offices of John Scott Hoff, P.C., Alex Herran, Hoff & Collins, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

SHADUR, Senior District Judge.

Kevin Kelley ("Kelley") has just removed this action from the Circuit Court of Cook County to this District Court, seeking to invoke federal subject matter jurisdiction on diversity of citizenship grounds. Under the unusual circumstances posed by this action, this Court is constrained to issue this sua sponte opinion remanding the case to its place of beginning for lack of such jurisdiction.

In the underlying mortgage foreclosure action, plaintiff Wells Fargo Bank, N.A. as Trustee ("Wells Fargo") has followed the common Illinois practice, which is intended to wipe out all junior interests, of naming "Unknown Owners and Non Record Claimants" as well as Kelley himself as defendants. Until the enactment of the statutory amendment referred to at the end of this paragraph, that practice—legally equivalent to the naming of so-called "John Doe" defendants, which is followed

extensively in California state-court practice and in some other jurisdictions—blocked the removal of some cases that would otherwise potentially qualify for such action. That was so because the practice created a possibility that one or more of the unnamed defendants would share citizenship with the plaintiff, thus destroying diversity (see, e.g., this Court's opinion *John Hancock Mut. Life Ins. Co. v. Cent. Nat'l Bank in Chicago*, 555 F.Supp. 1026 (N.D.Ill.1983)). That in turn led Congress to amend 28 U.S.C. § 1441(a)[1] by adding this provision:

> For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

In this instance Kelley purports to join such unnamed defendants in his Notice of Removal ("Notice")—although *his* purporting to do so on their behalf cannot be right, for it really represents a contradiction in terms. But that aside, what frustrates removal is the very nature of Kelley's claim: In the introduction to the Notice, he asserts that the mortgage "was taken in the name of KEVIN KELLEY by unknown third-parties and monies obtained from the Plaintiff herein allegedly by fraud or stolen identity."

As is typical of mortgage foreclosure actions, Wells Fargo—suing as "the legal holder, agent or nominee of the legal holder, of the indebtedness," with Option One Mortgage Corporation ("Option One") having been the original mortgagee[2]—seeks not only to enforce its lien on the real estate but also to realize on any deficiency that may eventuate at the foreclosure sale by obtaining a judgment, potentially in personam, against the mortgagor. And it will be remembered that Kelley alleges that original-lender Option One dealt with an impostor who had held himself out to be Kelley. Hence the "Kevin Kelley" whom Wells Fargo has named in its foreclosure Complaint is by definition that impostor, rather than the Kelley who has come to this District Court—and with Option One having paid a lot of good money to that impostor (Notice ¶ II.B correctly quotes the underlying Complaint as containing an ad damnum in excess of $289,948.62), it is against that person that Wells Fargo must seek any default.

As is true of every court in the federal judicial system, this Court's initial obligation is to determine the existence or nonexistence of subject matter jurisdiction (see, e.g., *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) and, most recently *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676–77 (7th Cir.2006)). Because Kelley's counsel have understandably not been able to identify the unknown impostor who assertedly acted fraudulently in obtaining the mortgage loan, and because that leaves open the possibility that the impostor may share citizenship with Wells Fargo (or perhaps with Option One, if the situation is that referred to in n. 2), Kelley has not carried his burden of establishing the requisite diversity.

That being the case, the provisions of Section 1447(c) compel a remand because

---

**1.** All further references to Title 28 provisions will simply take the form "Section—."

**2.** If Wells Fargo is in fact suing as agent or nominee of Option One as the legal holder, rather than on its own behalf, both (1) the real party in interest provisions of Fed. R.Civ.P. 17(a) and (2) removal jurisprudence generally render the Notice's identification of Wells Fargo's dual corporate citizenship under Section 1332(c)(1) insufficient to establish the requisite diversity. If such were the case, Option One's dual corporate citizenship would also have to be identified as not posing any problem in that respect.

of the failure to establish subject matter jurisdiction. This Court so orders, and the Clerk is ordered to mail the certified copy of the remand order forthwith.